# EXHIBIT C

**DELIVERY INVOICE**



**Company:**  ST. PAUL SURPLUS LINES INSURANCE COMPANY

I
N
S
U
R
E
D

WEHR CONSTRUCTORS, INC.
AS PER RP 02 28
2517 PLANTSIDE DRIVE
LOUISVILLE, KY 40202

Policy Inception/Effective Date: 04/01/18
Agency Number: 1605870

Transaction Type:
RENEWAL OF POLICY
Transaction number: 001
Processing date: 04/09/18

Policy Number:
ZCE-81M96110-18-SK

A
G
E
N
T

STERLING G THOMPSON CO
545 S THIRD ST STE 300
LOUISVILLE KY 40202

| Policy Number | Description | Amount | Surtax/ Surcharge |
|---|---|---|---|
| 81M96110 | CONTRACTORS PROFESSIONAL/POLLUTION LIABILITY | $49,685.00 | |

AGENCY BILL - FULL PAY.

INSURED COPY
© 1990 The Travelers Indemnity Company. All rights reserved.

INSURED COPY
© 1990 The Travelers Indemnity Company. All rights reserved.


**TRAVELERS**

| | |
|---|---|
| **POLICY NUMBER:** | ZCE-81M96110-18-SK |
| **EFFECTIVE DATE:** | 04/01/18 |
| **ISSUE DATE:** | 04/09/18 |

# LISTING OF FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS

This listing shows the number of forms, schedules and endorsements by line of business.

IL T8 01 10 93      FORMS, ENDORSEMENTS AND SCHEDULE NUMBERS

RP 01 42 01 15      FEDERAL TERRORISM RISK INSURANCE ACT DISCLOSURE
RP 01 43 01 15      CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

RP 02 09 02 16      SERVICE OF SUIT
RP 02 19 02 16      INDIANA CHANGES - DEFINITION OF POLLUTANTS
RP 02 28 02 16      NAMED INSURED ENDORSEMENT

RP 05 01 02 16      CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND
                  CONTRACTORS POLLUTION LIABILITY COVERAGE DECLARATIONS
RP 05 00 02 16      CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND
                  CONTRACTORS POLLUTION LIABILITY COVERAGE FORM
RP 05 18 02 16      TABLE OF CONTENTS CONTRACTORS PROFESSIONAL LIABILITY-CLAIMS
                  -MADE & CONTRACTORS POLLUTION LIABILITY COVERAGE FORM
RP 03 11 02 16      EXCLUSION-LEAD
RP 03 08 02 16      EXCLUSION - EXTERIOR INSULATION & FINISH SYSTEM
RP 03 04 02 16      CANCELLATION MINIMUM EARNED PREMIUM ENDORSEMENT
RP 03 15 02 16      LIMITED AUTO TRANSPORTATION COVERAGE FOR CONTRACTORS
                  POLLUTION LIABILITY
RP 03 36 03 17      LIMITED SILICA COVERAGE FOR CONTRACTORS POLLUTION LEGAL LIA
                  & EXCLUSION-SILICA OR SILICA-RELATED DUST-CONTRACTORS PROF
RP 03 17 02 16      LIMITED FUNGI OR BACTERIA COVERAGE FOR CONTRACTORS
                  POLLUTION LEGAL LIABILITY
RP 03 54 02 16      AMENDMENT-DEFINITION OF COVERED OPERATIONS TO NOT INCLUDE
                  DESIGNATED OPERATIONS
RP 05 20 02 16      AMENDMENT OF INSURING AGREEMENT-ADDITION OF RETROACTIVE
                  DATE FOR CONTRACTORS POLLUTION LEGAL LIABILITY
RP 05 22 02 16      LIMITED NON-OWNED DISPOSAL SITE COVERAGE FOR CONTRACTORS
                  POLLUTION LEGAL LIABILITY-CLAIMS-MADE
RP 05 25 03 17      ADDITIONAL INSURED-DESIGNATED PERSONS OR ORGANIZATIONS FOR
                  CONTRACTORS POLLUTION LEGAL LIABILITY

## IMPORTANT NOTICE - INDEPENDENT AGENT AND BROKER COMPENSATION

**NO COVERAGE IS PROVIDED BY THIS NOTICE. THIS NOTICE DOES NOT AMEND ANY PROVISION OF YOUR POLICY. YOU SHOULD REVIEW YOUR ENTIRE POLICY CAREFULLY FOR COMPLETE INFORMATION ON THE COVERAGES PROVIDED AND TO DETERMINE YOUR RIGHTS AND DUTIES UNDER YOUR POLICY. PLEASE CONTACT YOUR AGENT OR BROKER IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR ITS CONTENTS. IF THERE IS ANY CONFLICT BETWEEN YOUR POLICY AND THIS NOTICE, THE PROVISIONS OF YOUR POLICY PREVAIL.**

For information about how Travelers compensates independent agents and brokers, please visit www.travelers.com, call our toll-free telephone number 1-866-904-8348, or request a written copy from Marketing at One Tower Square, 2GSA, Hartford, CT 06183.

POLICY NUMBER: ZCE-81M96110-18-SK                    ISSUE DATE: 04/09/18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# FEDERAL TERRORISM RISK INSURANCE ACT DISCLOSURE

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY AND INDEMNITY COVERAGE FORM
CONTRACTORS POLLUTION LIABILITY COVERAGE FORM
CONTRACTORS POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY
    COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY AND INDEMNITY AND CONTRACTORS
    POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY CLAIMS-MADE AND CONTRACTORS POLLUTION
    LIABILITY COVERAGE FORM
SITE POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE

## PROVISIONS

The federal Terrorism Risk Insurance Act of 2002 as amended ("TRIA") establishes a program under which the Federal Government may partially reimburse "Insured Losses" (as defined in TRIA) caused by "Acts Of Terrorism" (as defined in TRIA). Act Of Terrorism is defined in Section 102(1) of TRIA to mean any act that is certified by the Secretary of the Treasury - in consultation with the Secretary of Homeland Security and the Attorney General of the United States - to be an act of terrorism; to be a violent act or an act that is dangerous to human life, property, or infrastructure; to have resulted in damage within the United States, or outside the United States in the case of certain air carriers or vessels or the premises of a United States Mission; and to have been committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

The Federal Government's share of compensation for such Insured Losses is established by TRIA and is a percentage of the amount of such Insured Losses in excess of each Insurer's "Insurer Deductible" (as defined in TRIA), subject to the "Program Trigger" (as defined in TRIA). Through 2020, that percentage is established by TRIA as follows:

85% with respect to such Insured Losses occurring in calendar year 2015.

84% with respect to such Insured Losses occurring in calendar year 2016.

83% with respect to such Insured Losses occurring in calendar year 2017.

82% with respect to such Insured Losses occurring in calendar year 2018.

81% with respect to such Insured Losses occurring in calendar year 2019.

80% with respect to such Insured Losses occurring in calendar year 2020.

In no event, however, will the Federal Government be required to pay any portion of the amount of such Insured Losses occurring in a calendar year that in the aggregate exceeds $100 billion, nor will any Insurer be required to pay any portion of such amount provided that such Insurer has met its Insurer Deductible. Therefore, if such Insured Losses occurring in a calendar year exceed $100 billion in the aggregate, the amount of any payments by the Federal Government and any coverage provided by this policy for losses caused by Acts Of Terrorism may be reduced.

The charge for such Insured Losses is included in the premium. The charge for such Insured Losses that has been included is indicated below, and does not include any charge for the portion of such Insured Losses covered by the Federal Government under TRIA.

0.5 % of the policy premium.

RP 01 42 01 15                    © 2015 The Travelers Indemnity Company. All rights reserved.                    Page 1 of 1

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CAP ON LOSSES FROM CERTIFIED ACTS OF TERRORISM

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY AND INDEMNITY COVERAGE FORM
CONTRACTORS POLLUTION LIABILITY COVERAGE FORM
CONTRACTORS POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY
    COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY AND INDEMNITY AND CONTRACTORS
    POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY CLAIMS-MADE AND CONTRACTORS POLLUTION
    LIABILITY COVERAGE FORM
SITE POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE

## PROVISIONS

1. The following is added to this policy. This provision can limit coverage for any loss arising out of a "certified act of terrorism" if such loss is otherwise covered by this policy. This provision does not apply if and to the extent that coverage for the loss is excluded or limited by an exclusion or other coverage limitation for losses arising out of "certified acts of terrorism" in another endorsement to this policy.

   If aggregate insured losses attributable to "certified acts of terrorism" exceed $100 billion in a calendar year and we have met our insurer deductible under "TRIA", we will not be liable for the payment of any portion of the amount of such losses that exceeds $100 billion, and in such case, insured losses up to that amount are subject to pro rata allocation in accordance with procedures established by the Secretary of the Treasury.

2. The following definitions are added to the **DEFINITIONS** Section:

   "Certified act of terrorism" means an act that is certified by the Secretary of the Treasury, in accordance with the provisions of "TRIA", to be an act of terrorism pursuant to "TRIA". The criteria contained in "TRIA" for a "certified act of terrorism" include the following:

   **a.** The act resulted in insured losses in excess of $5 million in the aggregate, attributable to all types of insurance subject to "TRIA"; and

   **b.** The act is a violent act or an act that is dangerous to human life, property or infrastructure and is committed by an individual or individuals as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion.

   "TRIA" means the federal Terrorism Risk Insurance Act of 2002 as amended.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SERVICE OF SUIT

This endorsement modifies insurance provided under the following:

CONTRACTORS POLLUTION LIABILITY COVERAGE FORM
CONTRACTORS POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY
  COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS
  POLLUTION LIABILITY COVERAGE FORM
SITE POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE

The following is added to the **CONDITIONS** Section:

## Service Of Suit

It is agreed that in the event the "company" fails to pay any amount claimed to be due under this policy and the "insured" sues the "company" to recover such amount the "company" shall honor the decision of the court that is authorized to hear the case. However, the "company" has the right to appeal that decision.

It is further agreed that service of process for any lawsuit brought against the "company" may be made upon the "company" by serving the "company's" President, or the President's designee, at One Tower Square, Hartford, Connecticut 06183 and such person shall be authorized to receive the papers on the "company's" behalf.

However, the "insured" may also serve or send papers involving such lawsuit to the Commissioner, Director or Superintendent of Insurance for the state in which the lawsuit is being filed. The "company" designates the appropriate officer, or that person's successor, to mail a copy of the papers to the "company".

**a. California Clause**

For the State of California, it is agreed that service of process for any lawsuit brought against the "company" may be made upon:

CSC-Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, California 95833.

**b. Rhode Island Clause**

For the State of Rhode Island, it is agreed that service of process for any lawsuit brought against the "company" may be made upon:

Corporation Service Company
222 Jefferson Blvd., Suite 200
Warwick, Rhode Island 02888.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# INDIANA CHANGES – DEFINITION OF POLLUTANTS

This endorsement modifies insurance provided under the following:

    CONTRACTORS POLLUTION LIABILITY COVERAGE FORM
    CONTRACTORS POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE
    CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY
      COVERAGE FORM - CLAIMS-MADE
    CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS
      POLLUTION LIABILITY COVERAGE FORM
    SITE POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE

The definition of "pollutants" in the **DEFINITIONS** Section of this policy or in any endorsement to this policy is replaced by the following:

"Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. "Pollutants" includes:

**a.** Petroleum or petroleum derivatives, gasoline, fuels, lubricants, and their respective additives and individual chemical components, including benzene and toluene;

**b.** Chlorinated and halogenated solvents, including tetrachloroethylene (PCE or PERC), trichloroethylene (TCE), trichloroethane (TCA) and vinyl chloride, and their degradation products;

**c.** Coal tar, manufactured gas plant (MGP) byproducts and polynuclear aromatic hydrocarbons (PAHs), phenols and polychlorinated biphenyls (PCBs); and

**d.** Organic and inorganic pesticides, and inorganic contaminants, including arsenic, barium, beryllium, lead, cadmium, chromium and mercury.

This definition of "pollutants" applies regardless of whether:

**1.** The irritant or contaminant, or the particular form, type or source of the irritant or contaminant, involved in the "claim" is specifically identified or described in this definition;

**2.** The irritant or contaminant has or had any function in any of the "insured's" business, operations, premises, sites or locations;

**3.** The irritant or contaminant represents a major source of potential liability for the "insured"; or

**4.** The "insured" expects or considers the irritant or contaminant to be a pollutant.

Waste includes materials to be recycled, reconditioned or reclaimed.

**RP 02 19 02 16**    © 2016 The Travelers Indemnity Company. All rights reserved.    Page 1 of 1

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

POLICY NUMBER: ZCE-81M96110-18-SK                    ISSUE DATE: 04/09/18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# NAMED INSURED ENDORSEMENT

This endorsement modifies insurance provided under the following:

CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

CONTRACTORS POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE

CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY
COVERAGE FORM - CLAIMS-MADE

CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS
POLLUTION LIABILITY COVERAGE FORM

SITE POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE

The following replaces the Named Insured in Item **1.** of the Declarations:

WEHR CONSTRUCTORS, INC.
WEHR REALM CONSTRUCTION SERVICES, LLC

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

© 2016 The Travelers Indemnity Company.  All rights reserved.
RP 02 28 02 16

 **TRAVELERS**

| | |
|---|---|
| **CONTRACTORS PROFESSIONAL LIABILITY – CLAIMS–MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE DECLARATIONS** | **POLICY NO.** ZCE–81M96110–18–SK **ISSUE DATE:** 04/09/18 |

**COVERAGE A – CONTRACTORS PROFESSIONAL LIABILITY IS PROVIDED ON A CLAIMS–MADE BASIS. FOR SUCH COVERAGE, DEFENSE EXPENSES ARE PAYABLE WITHIN, AND ARE NOT IN ADDITION TO, THE LIMITS OF INSURANCE.**

**FOR COVERAGE B – CONTRACTORS POLLUTION LIABILITY, DEFENSE EXPENSES ARE PAYABLE WITHIN, AND ARE NOT IN ADDITION TO, THE LIMITS OF INSURANCE.**

**INSURING COMPANY: St. Paul Surplus Lines Insurance Company**

1. **NAMED INSURED AND ADDRESS:** (Show Number, Street, City, County, State and Zip Code)

   WEHR CONSTRUCTORS, INC.
   AS PER RP 02 28
   2517 PLANTSIDE DRIVE
   LOUISVILLE, KY 40202

   **Form Of Business:**

   CORPORATION

2. **POLICY PERIOD:** From 04/01/18   to 04/01/19    12:01 A.M. Standard Time at the address of the first named insured as stated herein.

3. **RETROACTIVE DATE FOR CONTRACTORS PROFESSIONAL LIABILITY COVERAGE:**  04/01/09

4. **COMPANY'S FIRST COVERAGE INCEPTION DATE (Applies to Coverage B):**    04/01/17

5. **COVERED OPERATIONS: (Applies to Coverage B):**

   COMMERCIAL GENERAL CONSTRUCTION

6. **LIMITS OF INSURANCE:**

   | | |
   |---|---|
   | **AGGREGATE LIMIT (Applies to All Coverages Included in this Policy)** | $5,000,000 |
   | **Aggregate Limit For Emergency Response Costs** | $1,000,000 |
   | **Each Act, Error Or Omission Limit (Applies to Coverage A)** | $5,000,000 |
   | **Each Pollution Condition Limit (Applies to Coverage B)** | $5,000,000 |

7. **DEDUCTIBLES:**

   | | |
   |---|---|
   | **Each Act, Error Or Omission Deductible (Applies to Coverage A)** | $25,000 |
   | **Each Pollution Condition Deductible (Applies to Coverage B)** | $25,000 |

8. **PREMIUM:**    $49,685.00

9. **NUMBERS OF FORMS, SCHEDULES AND ENDORSEMENTS FORMING THIS POLICY ARE ATTACHED AS A SEPARATE LISTING.**

By signing below, the President and Secretary of the Insuring Company agree on behalf of the Insuring Company to all the terms of this Policy.

*President*                                    *Secretary*

**COUNTERSIGNED BY:**

**Authorized Representative**

**Date**

© 2016 The Travelers Indemnity Company. All rights reserved.
RP 05 01 02 16

# CONTRACTORS PROFESSIONAL LIABILITY – CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

**THIS INSURANCE PROVIDES CLAIMS-MADE COVERAGE FOR COVERAGE A – CONTRACTORS PROFESSIONAL LIABILITY. FOR SUCH COVERAGE, DEFENSE EXPENSES ARE PAYABLE WITHIN, AND ARE NOT IN ADDITION TO, THE LIMITS OF INSURANCE. PAYMENT OF DEFENSE EXPENSES FOR SUCH COVERAGE WILL REDUCE THE LIMITS OF INSURANCE.**

**FOR COVERAGE B – CONTRACTORS POLLUTION LIABILITY, DEFENSE EXPENSES ARE PAYABLE WITHIN, AND ARE NOT IN ADDITION TO, THE LIMITS OF INSURANCE. PAYMENT OF DEFENSE EXPENSES FOR SUCH COVERAGE WILL REDUCE THE LIMITS OF INSURANCE.**

**PLEASE READ THE ENTIRE FORM CAREFULLY.**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Words and phrases that appear in quotation marks have special meaning. Refer to Section **VI** - Definitions.

## SECTION I – COVERAGES

### COVERAGE A CONTRACTORS PROFESSIONAL LIABILITY

**1. Insuring Agreement – Coverage A**

**a.** The "company" will pay on behalf of the "insured" "loss" the "insured" is legally obligated to pay caused by an act, error or omission to which this insurance applies.

**b.** This insurance applies to "loss" only if:

(1) The act, error or omission results from the performance of, or failure to perform, the "named insured's contractor professional services" by or on behalf of the "named insured";

(2) The act, error or omission is committed in the "coverage territory";

(3) The act, error or omission was committed on or after the Retroactive Date For Contractors Professional Liability Coverage stated in the Declarations and before the end of the "policy period". If no Retroactive Date For Contractors Professional Liability Coverage is stated in the Declarations, that retroactive date will be deemed to be the first day of the "policy period"; and

(4) A "claim" for "loss" is first made against any "insured", as further described in Paragraph **c.** below:

(a) During the "policy period";

(b) During the Basic Extended Reporting Period for Coverage **A**, if applicable; or

(c) During the Optional Extended Reporting Period for Coverage **A**, if applicable.

**c.** A "claim" for the "loss" will be deemed to have been first made against any "insured" at the earlier of the following times:

(1) When any "insured" first receives written notice of such "claim"; or

(2) When the "company" first receives written notice from any "insured" of a specific act, error or omission that caused the "loss" which resulted in such "claim", but only if that notice contains all of the following information:

(a) How, when and where the act, error or omission was committed;

(b) The names and addresses of each "insured" that committed the act, error or omission;

(c) The names and addresses of any persons or organizations sustaining "loss", and the names and addresses of any witnesses; and

(d) A description, including the nature and location, of any "loss" caused by the act, error or omission.

All "claims" for "loss" caused by the same act, error or omission or "related acts, errors or omissions" will be deemed to have been first made against any "insured" at the time the first of those "claims" is

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

first made against any "insured".

**d.** Each act, error or omission in a series of "related acts, errors or omissions" will be deemed to have been committed on the date the first act, error or omission in that series is committed.

**e.** In the event of "foreign Coverage A loss" incurred by a "foreign insured organization", or by any other "insured" for whom such "foreign insured organization" is liable, the "company" will reimburse the "First Named Insured", or any other "named insured" that is not a "foreign insured organization", for such "foreign Coverage A loss" because of its "financial interest" in that "foreign insured organization". For the purposes of this insurance, amounts the "company" reimburses under:

  **(1)** Paragraph **a.** of the definition of "foreign Coverage A loss" will be deemed to be "loss" the "insured" is legally obligated to pay under Coverage **A**;

  **(2)** Paragraph **b.** of the definition of "foreign Coverage A loss" will be deemed to be "defense expenses" the "company" pays under Coverage **A**; and

  **(3)** Paragraph **c.** of the definition of "foreign Coverage A loss" will be deemed to be payments the "company" makes under Paragraph 4., Supplementary Payments – Coverage **A**.

## 2. Defense – Coverage A

**a.** The "company" will have the right and duty to defend the "insured" against any "claim" for "loss" to which this insurance applies. The "company" will have no duty to defend the "insured" against any "claim" for "loss" to which this insurance does not apply.

**b.** When the "company" defends an "insured" against a "claim", the "company" will pay reasonable "defense expenses". Payment of such "defense expenses" will reduce the available limits of insurance.

**c.** The "company" may, at its discretion, investigate any act, error or omission, and the "company" may settle any "claim" with the "insured's" written consent. If the "company" agrees with a proposed settlement of a "claim" and the "insured" refuses to consent to that proposed settlement, the "company"

will not pay more than the amount of that proposed settlement for the combined total of the following for such "claim":

  **(1)** "Loss"; and

  **(2)** "Defense expenses" incurred after the "insured" refuses to consent to the proposed settlement.

**d.** The "company's" right and duty to defend ends when the "company" has used up the applicable limit of insurance in the payment of:

  **(1)** "Loss" or "defense expenses" under Coverage **A**;

  **(2)** "Loss" or "defense expenses" under Pollution Legal Liability in Coverage **B**; or

  **(3)** "Loss" that is "emergency response costs", or "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

including any combination of such payments.

The "company" will have no other obligation or liability to pay sums or perform acts or services unless explicitly provided for under Paragraph **4.** Supplementary Payments – Coverage **A** or Paragraph **5.** Right To Appeal A Judgment – Coverage **A**.

**e.** When the "company" defends an insured against a "claim", the "company" has the right to choose the legal counsel for that defense, unless the "insured" has such right under the law that applies. If the "insured" has the right to choose the legal counsel for the defense under the law that applies and exercises such right:

  **(1)** The attorney fees and all other "defense expenses" the "company" must pay to the "insured's" chosen counsel are limited to the rates the "company" would actually pay to counsel that the "company" retains in defense of similar claims in the location where the "claim" is being defended;

  **(2)** The "company" may require that such counsel meet certain minimum qualifications with respect to competency, including experience in defending such claims, and meet certain minimum requirements with respect to such counsel's errors and omissions insurance; and

© 2016 The Travelers Indemnity Company. All rights reserved.

RP 05 00 02 16

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

(3) Upon request, that counsel will respond on a timely basis to the "company's" request for any and all information regarding the "claim".

f. If the "company" defends more than one "insured" against the same "claim" or related "claims", the "company" has the right to require each such "insured" to be defended by the same legal counsel, unless the "insured" or such counsel establishes that a conflict of interest prevents such joint defense.

### 3. Exclusions Applicable To Coverage A

This insurance does not apply to:

#### a. Asbestos

(1) "Loss" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers or products containing asbestos, provided that the "loss" is caused or contributed to by the hazardous properties of asbestos.

(2) Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, asbestos, asbestos fibers or products containing asbestos, by any "insured" or by any other person or organization.

This includes:

(1) Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and

(2) Any obligation to:

(a) Share such "loss" with or repay someone else who must pay such "loss"; or

(b) Share such loss, cost or expense with or repay someone else who must pay such loss, cost or expense.

#### b. Bankruptcy Or Insolvency

"Loss" arising out of the "insured's" bankruptcy or insolvency.

#### c. Claims By Insureds Against Insureds Or By Related Persons Or Organizations

"Loss" for which any "claim" is made by or on behalf of:

(1) Any "insured" against any other "insured";

(2) Any organization that:

(a) Any "insured" owns more than a 25% interest in, or any "insured", in whole or substantially, controls financially, manages or operates; or

(b) Has a director or "executive officer" who owns more than a 25% interest in any "named insured", or who, in whole or substantially, controls any "named insured" financially, or manages or operates any "named insured";

(3) Any person who is an "employee" of any organization described in Paragraph **(2)** above or is the spouse, child, parent, brother or sister, of that "employee".

#### d. Contract liability

"Loss" for which the "insured" has assumed liability under any contract or agreement.

This exclusion does not apply to "loss" for which the "insured" would have liability without the contract or agreement.

This exclusion also does not apply to the "tort liability" of another to pay "loss" sustained by others if the "named insured" has assumed such liability under a contract or agreement, but only if the "loss" is caused by an error, omission or negligent act:

(1) That results from the performance of, or failure to perform, the "named insured's contractor professional services" by or on behalf of the "named insured"; and

(2) Was committed subsequent to the execution of the contract or agreement.

#### e. Criminal, Dishonest, Fraudulent, Knowingly Wrongful Or Malicious Acts, Errors Or Omissions

"Loss" arising out of any criminal, dishonest, fraudulent, knowingly wrongful or malicious act, error or omission committed by or at the direction of:

(1) Any "insured"; or

(2) Anyone for whose acts any "insured" is legally responsible.

RP 05 00 02 16          © 2016 The Travelers Indemnity Company. All rights reserved.          Page 3 of 34

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

This exclusion does not apply to any "insured" who did not:

(1) Participate in committing, or direct the committing of, any such act, error or omission; or

(2) Have knowledge of any such act, error or omission.

**f. Employers Liability**

"Loss" because of "bodily injury" to:

(1) An "employee" of the "insured" arising out of and in the course of:

   (a) Employment by the "insured"; or

   (b) Performing duties related to the conduct of the "insured's" business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of "bodily injury" described in Paragraph (1) above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and

(2) To any obligation to share such "loss" with or repay someone else who must pay such "loss".

This exclusion does not apply to the "tort liability" of another to pay for "loss" because of "bodily injury" incurred by others if the "named insured" has assumed such liability under a contract or agreement, but only if:

(1) The "bodily injury" is caused by an error, omission or negligent act in the performance of, or failure to perform, the "named insured's contractor professional services" by or on behalf of the "named insured"; and

(2) The contract or agreement was made before such error, omission or negligent act was committed.

**g. Employment-Related Practices**

"Loss" because of injury to:

(1) A person arising out of any:

   (a) Refusal to employ that person;

   (b) Termination of that person's employment; or

   (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, disc-

ipline, defamation, harassment, humiliation or discrimination directed at that person; or

(2) The spouse, child, parent, brother or sister of that person as a consequence of injury described in Paragraph (1) above.

This exclusion applies:

(1) Whether the "insured" may be held liable as an employer or in any other capacity; and

(2) To any obligation to share such "loss" with or repay someone else who must pay such "loss".

**h. Express Warranties Or Guarantees**

"Loss" arising out of any express warranty or guarantee, including any such warranty or guarantee that:

(1) Is made in bid preparations or specifications for all or part of a project; or

(2) Involves the cost, timing or schedule, quality, revenue or use, or performance of, or for, all or part of a project.

This exclusion does not apply to "loss" for which the "insured" would have liability without the express warranty or guarantee because of any failure of the "named insured's contractor professional services" to conform with the generally accepted standard of care that applies.

**i. Faulty Construction Work**

"Loss" arising out of any faulty construction work, including work that is not performed in accordance with a project's design or construction documents, that:

(1) Is performed by any "insured";

(2) Is performed by or on behalf of any subsidiary of any "insured"; or

(3) Is performed by or on behalf of any person or organization that owns more than 25% of, or that, in whole or substantially, controls financially, manages or operates, any "insured".

For the purposes of this exclusion, construction work means any assembly, construction, erection, fabrication, installation or remediation work, or any manufacturing or supplying of any equipment, material or part.

© 2016 The Travelers Indemnity Company. All rights reserved.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**j. Fines, Penalties, Fees, Liquidated Or Multiplied Damages Or Injunctive Relief**

(1) Any fine or penalty assessed or imposed against any "insured" by law, including any federal, state, provincial or local law, regulation or statute or any governmental, judicial or administrative order or directive. Punitive or exemplary damages will be deemed to not be a fine or penalty, if such damages are insurable under the law that applies;

(2) Any part of the fee for the "named insured's contractor professional services" which a client fails or refuses to pay;

(3) The portion of any liquidated damages that exceeds the amount for which the "insured" would have liability without the agreement to pay liquidated damages;

(4) The portion of any multiplied damage award that exceeds the initial amount multiplied; or

(5) Any injunctive relief required by any law, including any federal, state, provincial or local law, regulation or statute or any governmental, judicial or administrative order or directive.

**k. Fungi Or Bacteria**

(1) "Loss" arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such "loss". This paragraph does not apply to "bodily injury" arising out of a bacterial infection which develops in connection with physical harm to the person sustaining the "bodily injury", if such physical harm is not excluded by this exclusion and a "claim" is made against the "insured" for such physical harm.

(2) Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "fungi" or bacteria by any "insured" or by any other person or organization.

**l. Insurance–Related Acts, Errors Or Omissions**

"Loss" arising out of any failure to maintain, obtain, recommend or require any type or amount of insurance, including any type of suretyship, bond or self-insurance program.

**m. Named Insured's Product**

"Loss" arising out of any "named insured's product" or any part of it.

This exclusion does not apply to "loss" arising out of the "named insured's product", or any part of it, that is any material, part or equipment furnished as part of any "named insured's work".

**n. Patents, Trademarks and Trade Secrets**

"Loss" arising out of any actual or alleged infringement or violation of any of the following rights or laws:

(1) Patent.

(2) Trade dress.

(3) Trademark or servicemark.

(4) Trade name or service name.

(5) Trade secret.

**o. Pollution**

(1) "Loss" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants".

(2) Any loss, cost or expense arising out of any:

(a) Request, demand, order or statutory or regulatory requirement that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

(b) "Claim" by or on behalf of a governmental authority because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

**p. Previously Known Acts, Errors Or Omissions**

"Loss" arising out of any act, error or omission that was committed, and that was known by any "responsible person", before the beginning date

 © 2016 The Travelers Indemnity Company. All rights reserved.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

from which the "company", or any of its affiliated insurance companies, has continuously provided any "Contractors Professional Liability Coverage" to any "named insured". If there was no such coverage provided by such insurer immediately prior to this policy, that beginning date is the first day of the "policy period".

**q. Projects For Which The Named Insured Has Other Professional Liability Insurance**

"Loss" arising out of a project, or any part of a project, for which the "named insured" is covered by other professional liability insurance issued to the "named insured", or for which the "named insured" would have been covered by that insurance but is not because of:

(1) An exclusion or other coverage limitation;

(2) A deductible or self-insured retention;

(3) The limits of coverage of such insurance being used up; or

(4) The bankruptcy or insolvency of the insurer providing such insurance.

This exclusion does not apply to "loss" for which the "named insured" would have been covered by such insurance but is not only because the "claim" was first made after the expiration of such insurance and any extended reporting period applicable to such insurance.

This exclusion also does not apply if the only other professional liability insurance for which the "named insured" is covered or would have been covered for the project or the part of the project is umbrella insurance, or excess insurance, that the "named insured" bought specifically to apply in excess of the Limits of Insurance shown in the Declarations.

**r. Radioactive Or Nuclear Material**

(1) "Loss" arising out of the actual or alleged presence, or actual, alleged or threatened dispersal of any "radioactive or nuclear material".

(2) Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the

effects of, "radioactive or nuclear material" by any "insured" or by any other person or organization.

This includes:

(1) Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and

(2) Any obligation to:

(a) Share such "loss" with or repay someone else who must pay such "loss"; or

(b) Share such loss, cost or expense with or repay someone else who must pay such loss, cost or expense.

**s. Unnamed Newly Acquired Organization**

"Loss" arising out of the conduct of any organization:

(1) That is not a "named insured"; and

(2) That any "named insured" acquires during the "policy period".

**t. Unnamed Partnership, Joint Venture Or Limited Liability Company**

"Loss" arising out of the conduct of any current or past partnership, joint venture or limited liability company that is not a "named insured".

This exclusion does not apply:

(1) To the extent such organization otherwise qualifies as an "insured" for Coverage **A**; or

(2) To the "named insured's" liability for the "named insured's" conduct of the contractor business of such current or past partnership, joint venture or limited liability company if the "named insured" would have been covered for the "loss" by other professional liability insurance issued to such partnership, joint venture or limited liability company but is not only because the "claim" was first made after the expiration of such insurance and any extended reporting period applicable to such insurance.

**u. War**

"Loss" arising out of:

(1) War, including undeclared or civil war;

 © 2016 The Travelers Indemnity Company. All rights reserved. **RP 05 00 02 16**

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**v. Workers Compensation Or Other Benefits Laws**

Any obligation that the "insured" has under any:

(1) Workers compensation law;

(2) Disability benefits law;

(3) Unemployment compensation law; or

(4) Similar law.

**4. Supplementary Payments – Coverage A**

The "company" will pay, with respect to any "claim" against an "insured" the "company" settles or is defending:

**a.** Prejudgment interest awarded against the "insured" on that part of the judgment which the "company" pays, which exceeds the applicable deductible and which is within the applicable limit of insurance. If the "company" makes an offer to pay the applicable limit of insurance, the "company" will not pay any prejudgment interest based on that period of time after the offer.

**b.** All interest on the full amount of any judgment that accrues after entry of the judgment and before the "company" has paid, offered to pay or deposited in court the part of the judgment that is within the applicable limit of insurance. If the "company" does not pay part of the judgment for any reason other than it is more than the applicable limit of insurance, the "company" will not pay any interest that accrues on that portion of the judgment.

**c.** The cost of any required appeal bond for any judgment that the "company" appeals, but only for bond amounts for that part of the judgment that is for "loss" to which this insurance applies and which is within the applicable limit of insurance. The "company" will pay, or reimburse the "insured" for, the cost of a higher appeal bond amount if the "company" is required to do so under the law that applies. The "company" will not

be the principal under any appeal bond and does not have to furnish any appeal bond.

These payments will not reduce the limits of insurance.

The "company's" duty to make such payments ends when the "company" has used up the applicable limit of insurance in the payment of:

**a.** "Loss" or "defense expenses" under Coverage **A**;

**b.** "Loss" or "defense expenses" under Pollution Legal Liability in Coverage **B**; or

**c.** "Loss" that is "emergency response costs", or "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

including any combination of such payments.

**5. Right To Appeal A Judgment – Coverage A**

The "company" will have the right to appeal a judgment that:

**a.** Includes "loss" to which this insurance applies;

**b.** Is awarded in a "claim" for which the "company" defends an "insured"; and

**c.** Is awarded against the "insured".

If the "company" appeals a judgment that it does not have a duty to appeal, the "company" will pay all of the following that result directly from that appeal:

**a.** All expenses the "company" incurs; and

**b.** All reasonable expenses, other than the cost of any required appeal bond, incurred at the "company's" request by the "insured" to assist the "company" with the appeal, including, only if the "insured" is an individual, actual loss of earnings up to $500 a day by that individual because of time taken off from work.

These payments will not reduce the limits of insurance. The results of an appeal will not change the applicable limit of insurance.

The "company's" duty to make such payments ends when the "company" has used up the applicable limit of insurance in the payment of:

**a.** "Loss" or "defense expenses" under Coverage **A**;

**b.** "Loss" or "defense expenses" under Pollution Legal Liability in Coverage **B**; or

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**c.** "Loss" that is "emergency response costs", or "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

including any combination of such payments.

## COVERAGE B CONTRACTORS POLLUTION LIABILITY

**1. Insuring Agreement – Pollution Legal Liability**

**a.** The "company" will pay on behalf of the "insured" "loss" the "insured" is legally obligated to pay:

(1) Because of "bodily injury" or "property damage" resulting from; or

(2) That is "pollution clean-up costs" for "environmental damage" resulting from;

"pollution conditions" to which this insurance applies.

**b.** This insurance applies to "loss" only if:

(1) The "pollution conditions" result from "covered operations";

(2) The "pollution conditions" commence in the "coverage territory";

(3) The "bodily injury", "property damage" or "environmental damage" occurs during the "policy period";

(4) A "claim" for such "loss" is made against any "insured"; and

(5) No insurance that was in effect before the "policy period":

   **a.** Includes a duty to defend the "insured" against such "claim" based on, or applies to cover, the part of such "claim" that is for "loss" resulting from such "pollution conditions"; or

   **b.** Would apply to defend the "insured" against such "claim" based on, or would apply to cover, the part of such "claim" that is for "loss" resulting from such "pollution conditions" but for:

      (i) The exhaustion of the applicable limit of insurance of that insurance; or

      (ii) The insurer that issued that insurance becoming bankrupt or insolvent.

Paragraph **(5)** above does not apply if such prior insurance is a Contractors Pollution Liability policy issued by the "company", or any of its affiliated insurance companies, that requires the "bodily injury", "property damage" and "environmental damage" to occur during its policy period.

**c.** All "bodily injury", "property damage" and "environmental damage" that:

(1) Results from the same "pollution conditions" or continuous, repeated or related "pollution conditions"; and

(2) Occurs during the "policy period" of this policy and during the policy period of any other "Contractors Pollution Liability Coverage" that the "company", or any of its affiliated insurance companies, has provided to the "insured";

will be deemed to occur only during a single policy period as described in Paragraph **d.** below.

**d.** All "bodily injury", "property damage" and "environmental damage" described in Paragraph **c.** above will be deemed to occur only during a single policy period as described in Paragraph **(1)**, **(2)** or **(3)** below, whichever applies:

(1) If no "claim" is made against any "insured" for "property damage" or "environmental damage" that results from any of such "pollution conditions", all such "bodily injury" will be deemed to occur only during the policy period when the first person making a "claim" against any "insured" is first exposed to any of the "pollutants" involved in any of such "pollution conditions" if such date of first exposure is on or after the "company's first coverage inception date".

(2) If any "claim" is made against any "insured" for "property damage" or "environmental damage" that results from any of such "pollution conditions", all such "property damage" and "environmental damage", and any "bodily injury" that results from any of such "pollution conditions", will be deemed to occur only during the policy period when the first of any of such "pollution conditions" commenced if such date of first commencement is on or after the "company's first coverage inception date".

© 2016 The Travelers Indemnity Company. All rights reserved. **RP 05 00 02 16**

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**(3)** If the date of first exposure described in Paragraph **(1)** above or the date of first commencement described in Paragraph **(2)** above, whichever applies, is before the "company's first coverage inception date" or cannot be determined, all such "property damage", "environmental damage" and "bodily injury" will be deemed to occur only on the "company's first coverage inception date".

**e.** In the event of "foreign Coverage B pollution legal liability loss" incurred by a "foreign insured organization", or by any other "insured" for whom such "foreign insured organization" is liable, the "company" will reimburse the "First Named Insured", or any other "named insured" that is not a "foreign insured organization", for such "foreign Coverage B pollution legal liability loss" because of its "financial interest" in that "foreign insured organization". For the purposes of this insurance, amounts the "company" reimburses under:

**(1)** Paragraph **a.** of the definition of "foreign Coverage B pollution legal liability loss" will be deemed to be "loss" the "insured" is legally obligated to pay under Pollution Legal Liability in Coverage **B**; and

**(2)** Paragraph **b.** of the definition of "foreign Coverage B pollution legal liability loss" will be deemed to be "defense expenses" the "company" pays under Pollution Legal Liability in Coverage **B**.

**2. Insuring Agreement – Emergency Response Costs For Pollution**

**a.** The "company" will pay to, or on behalf of, the "named insured" "loss" that is "emergency response costs" incurred for "pollution conditions" to which this insurance applies.

**b.** This insurance applies to "emergency response costs" only if:

**(1)** The "pollution conditions" result from "covered operations", and the "covered operations" which result in such "pollution conditions" commence on or after the "company's first coverage inception date";

**(2)** Such "pollution conditions" commence in the "coverage territory";

**(3)** The "emergency response costs" are first incurred, as further described in Paragraph **c.** below, during the "policy period"; and

**(4)** The "pollution conditions" and notice of "emergency response costs" are first reported to the "company" in writing by any "named insured", as further described in Paragraph **d.** below, no later than seven days after the first discovery of the "pollution conditions" by any "insured".

**c.** All "emergency response costs" incurred for the same "pollution conditions" or continuous, repeated or related "pollution conditions" will be deemed to have been incurred when the first of such "emergency response costs" are incurred.

**d.** The same "pollution conditions" or continuous, repeated or related "pollution conditions", and notice of "emergency response costs" incurred for such "pollution conditions", and notice of "emergency response costs" for any of such "pollution conditions", that are first reported to the "company" in writing by any "named insured" no later than seven days after the first discovery of such "pollution conditions" by any "insured" will be deemed to have been first reported to the "company" in writing by any "named insured" when any of such "pollution conditions" and notice of "emergency response costs" incurred for any of such "pollution conditions" are first reported to the "company", or any of its affiliated insurance companies, in writing by any "named insured".

**e.** In the event of "foreign Coverage B emergency response costs loss" incurred by or on behalf of a "foreign insured organization", the "company" will reimburse the "First Named Insured" or any other "named insured" that is not a "foreign insured organization", for such "foreign Coverage B emergency response costs loss" because of its "financial interest" in that "foreign insured organization". For the purposes of this insurance, amounts the "company" reimburses for "foreign Coverage B emergency response costs loss" will be deemed to be "loss" that is "emergency response costs" that the "company" pays to, or on behalf of, the "named insured" under Emergency Response Costs For Pollution in Coverage **B**.

 © 2016 The Travelers Indemnity Company. All rights reserved.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**3. Defense – Coverage B**

**a.** Under Pollution Legal Liability in Coverage **B**:

  **(1)** The "company" will have the right and duty to defend the "insured" against any "claim" for "bodily injury", "property damage" or "pollution clean-up costs" to which this insurance applies; and

  **(2)** The "company" will have no duty to defend the "insured" against any "claim" for "bodily injury", "property damage" or "pollution clean-up costs" to which this insurance does not apply.

**b.** Under Emergency Response Costs For Pollution in Coverage **B**, the "company" will have the right but no duty to defend any "insured".

**c.** When the "company" defends an "insured":

  **(1)** Against a "claim" under Pollution Legal Liability in Coverage **B**; or

  **(2)** With respect to any "emergency response costs" under Emergency Response Costs For Pollution in Coverage **B**;

  the "company" will pay reasonable "defense expenses". Payment of such "defense expenses" will reduce the available limits of insurance.

**d.** The "company" may, at its discretion, investigate any "pollution conditions" and settle any "claim" or obligation.

**e.** The "company's" right and duty to defend ends when the "company" has used up the applicable limit of insurance in the payment of:

  **(1)** "Loss" or "defense expenses" under Coverage **A**;

  **(2)** "Loss" or "defense expenses" under Pollution Legal Liability in Coverage **B**; or

  **(3)** "Loss" that is "emergency response costs", or "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

  including any combination of such payments.

  The "company" will have no other obligation or liability to pay sums or perform acts or services unless explicitly provided for under Paragraph **5.** Right To Appeal A Judgment - Coverage **B**.

**f.** When the "company" defends an "insured":

  **(1)** Against a "claim" under Pollution Legal Liability in Coverage **B**; or

  **(2)** With respect to any "emergency response costs" under Emergency Response Costs For Pollution in Coverage **B**;

  the "company" has the right to choose the legal counsel for that defense, unless the "insured" has such right under the law that applies. If the "insured" has the right to choose the legal counsel for the defense under the law that applies and exercises such right:

  **(1)** The attorney fees and all other "defense expenses" the "company" must pay to the "insured's" chosen counsel are limited to the rates the "company" would actually pay to counsel that the "company" retains in defense of similar claims in the location where the claim is being defended or where the "pollution conditions" involved in the "emergency response costs" commenced;

  **(2)** The "company" may require that such counsel meet certain minimum qualifications with respect to competency, including experience in defending such claims, and meet certain minimum requirements with respect to errors and omissions insurance; and

  **(3)** Upon request, that counsel will respond on a timely basis to the "company's" request for any and all information regarding the "claim" or the "emergency response costs".

**g.** If the "company" defends more than one "insured":

  **(1)** Against the same "claim" or related "claims" under Pollution Legal Liability in Coverage **B**, or if the "company" defends one "insured" against a "claim" under Pollution Legal Liability in Coverage B that is related to another "claim" against another "insured" the "company" is defending under such coverage; or

  **(2)** With respect to the same "emergency response costs" or related "emergency response costs" under Emergency Response Costs For Pollution in Coverage **B**;

© 2016 The Travelers Indemnity Company. All rights reserved.
RP 05 00 02 16

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

the "company" has the right to require each such "insured" to be defended by the same legal counsel, unless the "insured" or such counsel demonstrates that a conflict of interest prevents such joint defense.

## 4. Exclusions Applicable To Coverage B

The following exclusions apply to both Pollution Legal Liability and Emergency Response Costs For Pollution in Coverage **B.**

This insurance does not apply to:

### a. Asbestos

(1) "Loss" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of asbestos, asbestos fibers, or products containing asbestos.

(2) Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, asbestos, asbestos fibers or products containing asbestos, by any "insured" or by any other person or organization.

This includes:

(1) Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and

(2) Any obligation to:

(a) Share such "loss" with or repay someone else who must pay such "loss"; or

(b) Share such loss, cost or expense with or repay someone else who must pay such loss, cost or expense.

### b. Auto, Aircraft, Watercraft Or Rolling Stock

"Loss" arising out of the ownership, maintenance, use or entrustment to others of:

(1) Any "auto" owned or operated by or rented or loaned to any "insured"; or

(2) Any aircraft or watercraft, or any wheeled vehicle designed for travel on railroad tracks.

Use includes operation and "loading or unloading".

This exclusion applies even if the "claims" against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "insured", if the "pollution conditions" which caused the "bodily injury", "property damage" or "environmental damage" involved the ownership, maintenance, use or entrustment to others of any such "auto", aircraft or watercraft, or wheeled vehicle designed for travel on railroad tracks.

Paragraph (1) of this exclusion does not apply if the "auto" is located within the boundaries of a job site where "covered operations" are being performed.

### c. Claims By Insureds Against Insureds Or By Related Persons Or Organizations

"Loss" for which any "claim" is made by or on behalf of:

(1) Any "insured" against any other "insured";

(2) Any organization that:

(a) Any "insured" owns more than a 25% interest in, or any "insured", in whole or substantially, controls financially, manages or operates; or

(b) Has a director or "executive officer" who owns more than a 25% interest in any "named insured", or who, in whole or substantially, controls any "named insured" financially, or manages or operates any "named insured"; or

(3) Any person who is an "employee" of any organization described in Paragraph (2) above, or is the spouse, child, parent, brother or sister of that "employee".

Paragraph (1) of this exclusion does not apply to any "claim" by or on behalf of any "insured" that is an "insured" under Paragraph d. of the definition of "insured".

### d. Contract Liability

"Loss" for which the "insured" has assumed liability under any contract or agreement.

This exclusion does not apply to "loss" for which the "insured" would have liability without the contract or agreement.

This exclusion also does not apply to

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

the "tort liability" of another to pay "loss" because of "bodily injury" or "property damage" sustained by others or "loss" that is "pollution clean-up costs" incurred by others, if the "named insured" has assumed such liability under an "insured contract", but only if:

(1) The "bodily injury", "property damage" or "environmental damage" results from "pollution conditions" that:

   (a) Are caused, in whole or in part, from the negligent performance of any "covered operations" by or on behalf of the "named insured"; and

   (b) Commenced subsequent to the execution of the "insured contract"; and

(2) The "bodily injury", "property damage" or "environmental damage" does not arise out of any "pollution conditions", or any incident, condition or other circumstance which could become a "pollution condition", that was known, or reasonably should have been known, by the person or organization the "named insured" agreed to indemnify or by any of that organization's employees, and that was not previously disclosed to a "responsible person" prior to the execution of the "insured contract".

**e. Controlled Property**

(1) "Loss" arising out of any "pollution conditions" which commence at, on or in any premises, site or location that is or was at any time owned, rented or occupied by, or loaned to, any "named insured".

(2) "Loss" because of "property damage" to, or "loss" that is "pollution clean-up costs" or "emergency response costs" for:

   (a) Any premises, site or location that is or was at any time owned, rented or occupied by, or loaned to, any "named insured"; or

   (b) Personal property in the care, custody or control of any "named insured".

Paragraphs (1) and (2)(a) of this exclusion do not apply if such premises, site or location is temporarily rented or occupied by, or temporarily loaned to, the "named

insured" exclusively for any job site where "covered operations" are being performed.

**f. Damage To Any Named Insured's Work**

"Loss" because of "property damage" to any "named insured's work" arising out of it or any part of it.

**g. Dishonest, Fraudulent, Criminal Or Malicious Acts Or Omissions**

"Loss" arising out of any dishonest, fraudulent, criminal or malicious act or omission committed by or at the direction of:

(1) Any "insured"; or

(2) Anyone for whose acts any "insured" is legally responsible.

This exclusion does not apply to any "insured" who neither:

(1) Participated in committing, or directed the committing of, any such act or omission; nor

(2) Had knowledge of any such act or omission.

**h. Employers Liability**

"Loss" because of "bodily injury" to:

(1) Any "employee" of the "insured", or its parent corporation, subsidiary or affiliate, arising out of and in the course of:

   (a) Employment by the "insured", or its parent corporation, subsidiary or affiliate; or

   (b) Performing duties related to the conduct of the "insured's" business, or its parent corporation's, subsidiary's or affiliate's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of "bodily injury", or as a consequence of the employment or performance of duties of that "employee", described in Paragraph (1) above.

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; or

(2) To any obligation to share "loss" with or repay someone else who must pay "loss" because of the injury.

This exclusion does not apply to the "tort liability" of another to pay "loss" because of "bodily injury"

© 2016 The Travelers Indemnity Company. All rights reserved.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

incurred by others, if the "named insured" has assumed such liability under an "insured contract", but only if:

**(1)** The "bodily injury" is caused by "pollution conditions" that result, in whole or in part, from the negligent performance of any "covered operations" by or on behalf of the "named insured";

**(2)** The "bodily injury" does not arise out of any "pollution conditions", or any incident, condition or other circumstance which could become a "pollution condition", that was known, or reasonably should have been known, by the person or organization the "named insured" agreed to indemnify or by any of that organization's employees, and that was not previously disclosed to a "responsible person" prior to the execution of the "insured contract"; and

**(3)** The "bodily injury" results from "pollution conditions" that commenced subsequent to the execution of the "insured contract".

**i. Express Warranties Or Guarantees**

"Loss" arising out of any express warranty or guarantee, including any such warranty or guarantee that:

**(1)** Is made in bid preparations or specifications for all or part of a project; or

**(2)** Involves the cost, timing or schedule, quality, revenue or use, or performance of, or for, all or part of a project.

This exclusion does not apply to "loss" for which the "insured" would have liability without the express warranty or guarantee.

**j. Fines, Penalties, Liquidated Or Multiplied Damages Or Injunctive Relief**

**(1)** Any fine or penalty assessed or imposed against any "insured" by law, including any federal, state, provincial, tribal or local law, regulation or statute or any governmental, judicial or administrative order or directive. Punitive or exemplary damages will be deemed to not be a fine or penalty, if such damages are insurable under the law that applies.

**(2)** The portion of any liquidated damages that exceeds the amount for which the "insured" would

have liability without the agreement to pay liquidated damages.

**(3)** The portion of any statutory multiplied damage award that exceeds the amount that is multiplied.

**(4)** Any injunctive relief required by, or any cost or expense to comply with, any law, including any federal, state, provincial, tribal or local law, regulation or statute or any governmental, judicial or administrative order or directive.

Paragraph **(4)** of this exclusion does not apply to "pollution clean-up costs" or "emergency response costs".

**k. Fungi Or Bacteria**

**(1)** "Loss" arising out of the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such "loss". This paragraph does not apply to "bodily injury" arising out of a bacterial infection which develops in connection with physical harm to the person sustaining the "bodily injury", if such physical harm is not excluded by this exclusion and a "claim" is made against the "insured" for such physical harm.

**(2)** Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "fungi" or bacteria by any "insured" or by any other person or organization.

**l. Insured's Internal Expenses**

Expenses incurred by any "insured" for any service performed by any of the "insured's" "employees".

This exclusion does not apply to:

**(1)** "Emergency response costs"; or

**(2)** Expenses incurred with the "company's" prior written consent.

**m. Intentional Non-compliance**

"Loss" arising out of any intentional, knowing, willful or deliberate disregard of, or non-compliance with, any law, including any federal, state, provincial,

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

tribal or local law, regulation or statute or any governmental, judicial or administrative order or directive, committed by or at the direction of:

(1) Any "insured"; or

(2) Anyone for whose acts any "insured" is legally responsible.

This exclusion does not apply to any "insured" who neither:

(1) Participated in committing, or directed the committing of, such disregard or non-compliance; nor

(2) Had knowledge of such disregard or non-compliance.

**n. Named Insured's Product**

"Loss" arising out of any "named insured's product" or any part of it.

This exclusion does not apply to "loss" arising out of the "named insured's product", or any part of it, that is any material, part or equipment furnished as part of any "named insured's work".

**o. Owned And Non-Owned Disposal Sites**

"Loss" arising out of "pollution conditions" on, at, under or migrating from any "owned disposal site" or "non-owned disposal site".

**p. Previously Known Conditions**

"Loss" arising out of:

(1) "Pollution conditions"; or

(2) Any "pollution conditions" in a series of continuous, repeated or related "pollution conditions";

if any of the "pollution conditions" in Paragraph (1) or (2) above commenced, and were known, or reasonably should have been known, by a "responsible person", before the beginning date from which the "company", or any of its affiliated insurance companies, has continuously provided any "Contractors Pollution Liability Coverage" to any "named insured". If there was no such coverage provided by such insurer immediately prior to this policy, that beginning date is the first day of the "policy period".

**q. Radioactive Or Nuclear Material**

(1) "Loss" arising out of the actual or alleged presence or actual, alleged or threatened dispersal of any "radioactive or nuclear material".

(2) Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "radioactive or nuclear material" by any "insured" or by any other person or organization.

This includes:

(1) Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and

(2) Any obligation to:

(a) Share such "loss" with or repay someone else who must pay such "loss"; or

(b) Share such loss, cost or expense with or repay someone else who must pay such loss, cost or expense.

If a Low-Level Radioactive Waste Coverage For Contractors Pollution Liability endorsement is issued by the "company" as part of this policy, this exclusion does not apply to "low-level radioactive waste".

**r. Unnamed Newly Acquired Organization**

"Loss" arising out of the conduct of any organization:

(1) That is not a "named insured"; and

(2) That any "named insured" acquires during the "policy period".

**s. Unnamed Partnership, Joint Venture Or Limited Liability Company**

"Loss" arising out of the conduct of any current or past partnership, joint venture or limited liability company that is not a "named insured".

This exclusion does not apply:

(1) To the extent such organization qualifies as an "insured" under Paragraph **d.** of the definition of "insured"; or

(2) To any "named insured's" liability for its performance of "covered operations" in the conduct of the business of such current or past partnership, joint venture or limited liability company if such "named insured" would have been covered for the "loss" by other pollution liability insurance issued to such partnership, joint venture

© 2016 The Travelers Indemnity Company. All rights reserved.    **RP 05 00 02 16**

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

or limited liability company but is not only because:

(a) Such "loss" is because of "bodily injury", "property damage" or "environmental damage" that occurred after the expiration of such insurance; or

(b) The "claim" was first made against such "named insured" or was first reported to the company providing that insurance after the expiration of such insurance and any extended reporting period applicable to such insurance.

**t. War**

"Loss" arising out of:

(1) War, including undeclared or civil war;

(2) Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

(3) Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**u. Workers Compensation Or Other Benefits Laws**

Any obligation that the "insured" has under any:

(1) Workers compensation law;

(2) Disability benefits law;

(3) Unemployment compensation law; or

(4) Similar law.

**5. Right To Appeal A Judgment — Coverage B**

The "company" will have the right to appeal a judgment that:

a. Includes "loss" to which this insurance applies;

b. Is awarded in a "claim" for which the "company" defends an "insured"; and

c. Is awarded against the "insured".

If the "company" appeals a judgment that it does not have a duty to appeal, the "company" will pay all of the following that result directly from that appeal:

a. All expenses the "company" incurs; and

b. All reasonable expenses, other than the cost of any required appeal bond, incurred at the "company's" request by the "insured" to assist the "company" with the appeal, including, only if the "insured" is an individual, actual loss of earnings up to $500 a day by that individual because of time taken off from work.

These payments will not reduce the limits of insurance. An appeal that results in a judgment in excess of the applicable limit of insurance will not change the applicable limit of insurance.

The "company's" duty to make such payments ends when the "company" has used up the applicable limit of insurance in the payment of:

a. "Loss" or "defense expenses" under Coverage **A**;

b. "Loss" or "defense expenses" under Pollution Legal Liability in Coverage **B**; or

c. "Loss" that is "emergency response costs", or "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

including any combination of such payments.

## SECTION II — LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Declarations and the rules below fix the most the "company" will pay regardless of the number of:

a. "Insureds";

b. "Claims" made or "emergency response costs" losses incurred;

c. Persons or organizations making "claims"; or

d. "Covered operations".

2. The Aggregate Limit is the most the "company" will pay for the sum of all:

a. "Loss" and "defense expenses" under Coverage **A**;

b. "Loss" and "defense expenses" under Pollution Legal Liability in Coverage **B**; and

c. "Loss" that is "emergency response costs", and "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

for the combined total of all "claims" and "emergency response costs".

If no amount is shown for the Aggregate Limit in the Declarations, the Aggregate Limit will be the highest of the Each

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

Act, Error Or Omission Limit, the Each Pollution Condition Limit or $200,000.

3. Subject to Paragraph **2.** above, the Aggregate Limit For Emergency Response Costs is the most the "company" will pay for all "loss" that is "emergency response costs", and "defense expenses", under Emergency Response Costs For Pollution in Coverage **B** for the combined total of all such costs and expenses.

4. Subject to Paragraph **2.** above, the Each Act, Error Or Omission Limit is the most the "company" will pay for the sum of all "loss" and "defense expenses" under Coverage **A** for all "claims" for "loss" caused by:

   **a.** The same act, error or omission; or

   **b.** "Related acts, errors or omissions".

5. Subject to Paragraph 2. above, the Each Pollution Condition Limit is the most the "company" will pay for the sum of all:

   **(1)** "Loss" and "defense expenses" under Pollution Legal Liability in Coverage B; and

   **(2)** "Loss" that is "emergency response costs", and "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

   arising out of the same "pollution conditions" or continuous, repeated or related "pollution conditions".

   The Each Pollution Condition Limit is further subject to Paragraph **3.** above for "loss" that is "emergency response costs", and "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**.

## SECTION III – DEDUCTIBLES

1. The deductibles shown in the Declarations and the rules below fix the amount of:

   **a.** "Loss" and "defense expenses" under Coverage **A**;

   **b.** "Loss" and "defense expenses" under Pollution Legal Liability in Coverage **B**; and

   **c.** "Loss" that is "emergency response costs", and "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

   incurred by or on behalf of the "insured" that the "named insured" must pay regardless of the number of:

   **a.** "Insureds";

   **b.** "Claims" made or "emergency response costs" losses incurred;

   **c.** Persons or organizations making "claims"; or

   **d.** "Covered operations".

2. The Each Act, Error Or Omission Deductible applies to all "loss" and "defense expenses" under Coverage **A** for all "claims" for "loss" caused by:

   **a.** The same act, error or omission; or

   **b.** "Related acts, errors or omissions".

   However, the "company" will reduce the Each Act, Error Or Omission Deductible by 50%, up to a maximum reduction of $25,000, if all "claims" subject to the Each Act, Error Or Omission Deductible are settled during an "agreed mediation".

3. The Each Pollution Condition Deductible applies to all:

   **a.** "Loss" and "defense expenses" under Pollution Legal Liability in Coverage **B**; and

   **b.** "Loss" that is "emergency response costs", and "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

   arising out of the same "pollution conditions" or continuous, repeated or related "pollution conditions".

   However, for "loss" and "defense expenses" under Pollution Legal Liability in Coverage **B**, the "company" will reduce the Each Pollution Condition Deductible by 50%, up to a maximum reduction of $25,000, if all "claims" subject to the Each Pollution Condition Deductible are settled during an "agreed mediation".

4. If the:

   **a.** Each Act, Error Or Omission Deductible; and

   **b.** Each Pollution Condition Deductible;

   both apply to the same "claim", the most the "named insured" will be responsible for paying for "loss" and "defense expenses" within those deductibles is the amount of the Each Act, Error Or Omission Deductible or the Each Pollution Condition Deductible, whichever is more.

5. The applicable limits of insurance will not be reduced by the amount of any "loss" or "defense expenses" within any deductible amount.

 © 2016 The Travelers Indemnity Company. All rights reserved. **RP 05 00 02 16**

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**6.** The provisions of this policy that apply to Coverage **A** and to Coverage **B** apply irrespective of the application of any deductible amount, including those provisions with respect to:

**a.** The "company's" right and duty to defend "claims"; and

**b.** The "insured's" duties in the event of an act, error, omission, "pollution conditions" or a "claim".

**7.** If the "company" pays any "loss" or "defense expenses" that are subject to a deductible, the "named insured" agrees to promptly reimburse the "company" for any deductible amount paid by the "company".

**8.** If the "named insured" fails to reimburse the "company" for any deductible amount and the "company" is awarded that deductible amount, or any part of that amount, in any legal proceeding against the "named insured", the "named insured" agrees to reimburse the "company" for the following, as incurred:

**a.** "Deductible recovery expenses"; and

**b.** Interest, from the date of the "company's" notice of payment to the "named insured", on the deductible amount awarded to the "company".

## SECTION IV – EXTENDED REPORTING PERIODS – COVERAGE A

**1.** The "company" will provide a Basic Extended Reporting Period for Coverage **A**, if that coverage is canceled or nonrenewed for any reason except:

**a.** Nonpayment of premium; or

**b.** Material misrepresentation or fraud.

The "company's" quotation of different terms and conditions for a renewal policy does not constitute cancellation or nonrenewal. Such Basic Extended Reporting Period is automatically provided without an additional charge. Such Basic Extended Reporting Period commences at the end of the "policy period" and expires 60 days after the end of the "policy period". However, such Basic Extended Reporting Period does not apply to "claims" for which a defense is provided for the "insured" under any future insurance purchased by any "named insured", or for which a defense would be provided for the "insured" under such future insurance but for the exhaustion of the applicable limit of insurance of that future insurance.

**2.** The "company" will provide an Optional Extended Reporting Period for Coverage A, as described below, if that coverage is cancelled or nonrenewed for any reason except:

**a.** Nonpayment of premium; or

**b.** Material misrepresentation or fraud.

The "company's" quotation of different terms and conditions for a renewal policy does not constitute cancellation or nonrenewal.

**3.** An Optional Extended Reporting Period for Coverage **A** of a length offered by the "company" is available for purchase by the "First Named Insured" at an additional charge, but is provided only if specifically added by endorsement issued by the "company" as part of this policy. The following provisions apply to such Optional Extended Reporting Period:

**a.** The length of such Optional Extended Reporting Period offered by the "company" will not be less than 12 months. Such Optional Extended Reporting period replaces the Basic Extended Reporting Period for Coverage **A**.

**b.** Such Optional Extended Reporting Period will not go into effect unless the "company" receives all of the following within 60 days after the end of the "policy period" and the "named insured" has fulfilled all other duties and complied with all other conditions and requirements under this policy:

**(1)** A written request from the "First Named Insured" to purchase the Optional Extended Reporting Period Endorsement for Coverage **A**;

**(2)** Full payment of the earned premium for this policy;

**(3)** Payment of the additional premium for the Optional Extended Reporting Period Endorsement for Coverage **A**; and

**(4)** Repayment of any deductible owed under this policy.

**c.** The amount of the additional premium charged by the "company" for the Optional Extended Reporting Period Endorsement for Coverage **A** differs depending on the length of such Optional Extended Reporting Period. For an Optional Extended Reporting Period for Coverage **A** of 12 months, the additional premium will not exceed 75% of the annual premium for the last year of the "policy period" of this policy.

RP 05 00 02 16          © 2016 The Travelers Indemnity Company. All rights reserved.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

4. Extended reporting periods for Coverage **A** do not extend the "policy period" or change the scope of coverage provided. They apply only to "claims" for "loss" caused by an act, error or omission committed before the end of the "policy period" and on or after the Retroactive Date For Contractors Professional Liability Coverage.

5. The extended reporting periods for Coverage A do not reinstate or increase the limits of insurance.

6. Once in effect, the extended reporting periods for Coverage **A** may not be canceled.

## SECTION V – CONDITIONS

### 1. Bankruptcy

Bankruptcy or insolvency of the "insured" or of the "insured's" estate will not relieve the "company" of its obligations under this policy. However, this provision does not delete or amend any Bankruptcy Or Insolvency exclusion in this policy.

### 2. Cancellation

a. The "First Named Insured" may cancel all or part of this policy by mailing or delivering in advance to the "company" written notice of cancellation stating the effective date of the cancellation.

b. The "company" may cancel all or part of this policy by mailing or delivering to the "First Named Insured" written notice of cancellation at least:

(1) 10 days before the effective date of cancellation if the cancellation is for nonpayment of premium; or

(2) 30 days before the effective date of cancellation if the cancellation is for any other reason.

c. The "company" will mail or deliver its notice of cancellation to the "First Named Insured's" last mailing address known to the "company".

d. The "company's" notice of cancellation will state the effective date of the cancellation, which will become the end of the "policy period". If part of this policy is cancelled, that date will become of the end of the "policy period" as respects that part of the policy only.

e. If all or part of this policy is cancelled, the "company" will send the "First Named Insured" any premium refund due. If the "company" cancels all or part of this policy, the refund will be pro rata. If the "First Named Insured" cancels all

or part of this policy, the refund may be less than pro rata. The refund will be made by the "company" as soon as practicable. However, the cancellation will be effective even if the "company" has not made or offered the refund.

f. If notice of cancellation is mailed, proof of mailing will be sufficient proof of notice.

### 3. Changes

This policy contains all the agreements between the "company" and the "named insured" concerning the insurance afforded. Only the "First Named Insured" may request changes to this policy. This policy can be amended only with the "company's" consent and only by endorsement issued by the "company" as part of this policy.

### 4. Duties In The Event Of A Claim For Foreign Coverage A Loss

In the event of a "claim" for "foreign Coverage A loss" made against a "foreign insured organization" or any other "insured" for whom such "foreign insured organization" is liable, the "First Named Insured" must:

a. Arrange to investigate and defend such "claim";

b. Notify the "company" in writing in advance of any proposed settlement of such "claim"; and

c. Comply with all other conditions of this insurance as if such "claim" were made against any "insured" that is not a "foreign insured organization".

### 5. Duties In The Event Of A Claim For, Or Pollution Conditions That May Result In, Foreign Coverage B Loss

In the event of a "claim" for "foreign Coverage B pollution legal liability loss" made against a "foreign insured organization" or any other "insured" for whom such "foreign insured organization" is liable, the "First Named Insured" must:

a. Arrange to investigate and defend such "claim";

b. Notify the "company" in writing in advance of any proposed settlement of such "claim"; and

c. Comply with all other conditions of this insurance as if such "claim" were made any "insured" that is not a "foreign insured organization".

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

In the event of "pollution conditions" that may result in a "foreign Coverage **B** emergency response costs loss" incurred by or on behalf of a "foreign insured organization", the "First Named Insured" must comply with all conditions of this insurance as if such "foreign coverage B emergency response costs loss" were incurred by or on behalf of any "named insured" that is not a "foreign insured organization".

### 6. Examination Of Books And Records

The "company" may examine and audit any "named insured's" books and records at any time:

**a.** During the "policy period"; or

**b.** Up to three years after the end of the "policy period".

### 7. Inspections And Surveys

**a.** The "company" has the right to:

(1) Make inspections and surveys and interview "employees" of any "insured" at any time;

(2) Provide reports to any "named insured" on the conditions found; and

(3) Recommend changes.

**b.** The "company" is not obligated to make any inspections, surveys, reports or recommendations, and any such actions taken relate only to insurability and the premiums charged. The "company" does not make safety inspections or undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. The "company" also does not warrant that conditions, property or operations:

(1) Are safe or healthful; or

(2) Comply with laws, regulations, codes or standards.

**c.** The "named insured" agrees to provide the "company" with:

(1) Access to the locations where "covered operations" or the "named insured's contractor professional services" are being or have been performed; and

(2) Records pertaining to the "covered operations", the "named insured's contractor professional services", and access to employees and other appropriate personnel or representatives, that are necessary for the "company" to conduct such inspections and surveys.

**d.** Paragraphs **a.** and **b.** above apply to the "company" and any rating, advisory, rate service, technical consulting or similar organization which makes insurance inspections, surveys, reports or recommendations.

### 8. Insured's Duties In The Event Of An Act, Error, Omission Or Claim – Coverage A

**a.** The "insured", as a condition precedent to any rights under this policy, must notify the "company" in writing as soon as practicable of an act, error or omission which may result in a "claim" under Coverage **A**. To the extent possible, notice should include:

(1) How, when and where the act, error or omission was committed;

(2) The names and addresses of each "insured" that committed the act, error or omission;

(3) The names and addresses of any persons or organizations sustaining "loss", and the names and addresses of any witnesses; and

(4) The nature and location of the act, error or omission, and a description of any "loss" that may result from the act, error or omission.

**b.** The "insured", as a condition precedent to any rights under this policy, must notify the "company" in writing of any "claim" under Coverage **A** as soon as practicable. The "insured" must:

(1) Immediately record the specifics of the "claim" and the date received;

(2) Immediately send the "company" copies of any demands, notices, summonses or legal papers received in connection with the "claim"; and

(3) To the extent possible, provide the names and addresses of any persons or organizations sustaining "loss", and the names and addresses of any witnesses.

**c.** The "insured" must:

(1) Authorize the "company" to obtain records and other information;

(2) Cooperate with the "company" in the investigation of the act, error or omission, or the settlement of, or the defense against, the "claim"; and

 © 2016 The Travelers Indemnity Company. All rights reserved.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

(3) Assist the "company", upon the "company's" request, in the enforcement of any right against any person or organization that may be liable to the "insured" because of "loss" or "defense expenses" to which Coverage **A** of this policy may also apply.

**d.** No "insured" may:

(1) Make or authorize an admission of liability for;

(2) Settle or attempt to settle; or

(3) Voluntarily make a payment or incur any expenses, other than for first aid, for;

any "claim" under Coverage **A** without the prior written consent of the "company".

**e.** The following provision applies to Paragraphs **a.** and **b.** above, but only for the purposes of the insurance provided under Coverage **A** of this policy to the "named insured" or any "insured" other than any additional insured added by endorsement to Coverage **A**:

Notice to the "company" of such act, error, omission or "claim" must be given as soon as practicable only after any "responsible person" becomes aware of the act, error, omission or "claim".

**9. Insured's Duties In The Event Of Pollution Conditions Or A Claim — Coverage B**

**a.** The "insured", as a condition precedent to any rights under this policy, must notify the "company" in writing of any "claim" under Pollution Legal Liability in Coverage B as soon as practicable. The "insured" must:

(1) Immediately record the specifics of the "claim" and the date received;

(2) Immediately send the "company" copies of any demands, notices, summonses or legal papers received in connection with the "claim"; and

(3) To the extent possible, provide the names and addresses of any persons or organizations sustaining "bodily injury" or "property damage" resulting from, or incurring "pollution clean-up costs" for, the "pollution conditions" involved in the "claim", and the names and addresses of any witnesses.

**b.** The "named insured", when notifying the "company" in writing of any "pollution conditions" and "emergency response costs" under Emergency Response Costs For Pollution in Coverage **B**, must, to the extent possible, include:

(1) The identity of the "named insured" providing notice, including contact information regarding the handling of the "pollution conditions";

(2) Which "covered operations" are involved;

(3) The nature, cause and timing of the "pollution conditions";

(4) What actions the "named insured" has taken to respond to or mitigate the "pollution conditions" or to report the "pollution conditions" to others; and

(5) What costs have been incurred by or on behalf of the "named insured" to respond to or mitigate the "pollution conditions".

**c.** The "insured" must:

(1) Authorize the "company" to obtain records and other information;

(2) Cooperate with the "company" in the investigation of the "pollution conditions", or the settlement of, or the defense against, the "claim" or obligation;

(3) For "emergency response costs" under Emergency Response Costs For Pollution in Coverage **B**, provide all reports, data, invoices and any other documents relating to such costs; and

(4) Assist the "company", upon the "company's" request, in the enforcement of any right against any person or organization that may be liable to the "insured" because of "loss" or "defense expenses" to which Coverage **B** of this policy may also apply.

**d.** No "insured" may:

(1) Make or authorize an admission of liability for;

(2) Settle or attempt to settle; or

(3) Voluntarily make a payment or incur any expenses, other than for first aid, for;

    © 2016 The Travelers Indemnity Company. All rights reserved.    **RP 05 00 02 16**

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

any "claim" under Pollution Legal Liability in Coverage **B** without the prior written consent of the "company".

**e.** No "insured" may retain any consultants or incur any "pollution clean-up costs" without the prior written consent of the "company", except for "emergency response costs" under Emergency Response Costs For Pollution in Coverage **B**.

**f.** Upon discovery of "pollution conditions", the "named insured" must take reasonable steps to mitigate any "bodily injury," "property damage" or "pollution clean-up costs" and comply with applicable "environmental laws". If, in the sole judgment of the "company", the "named insured" fails to take such reasonable steps, the "company" shall have the right, but not the duty, to do so on the "insured's" behalf. In that event, any "pollution clean-up costs" incurred by the "company" will be deemed incurred by the "insured", and will be subject to the deductible and limits of insurance of this policy.

## 10. International Condition — Currency

**a.** Payments for premiums and deductible amounts made to the "company" will be in the currency of the United States of America unless the "company" agrees that these payments may be made in a different currency.

**b.** Payments for "loss" and "defense expenses" will be in the currency of the United States of America. At the "company's" sole option, the "company" may make these payments in a different currency. Any necessary currency conversion for such payments will be calculated based on the rate of exchange published in the Wall Street Journal immediately preceding the date the payment is processed.

## 11. Legal Action Against The Company

No person or organization has a right under this policy:

**a.** To join the "company" as a party or otherwise bring the "company" into a legal action asking for "loss" against any "insured";

**b.** To bring a legal action against the "company" under this policy unless all terms of this policy have been fully complied with; or

**c.** To bring a legal action against the "company" to recover "loss" unless the "insured's" obligation to pay such "loss" has been fully determined either by a final judgment or by written agreement of the "company", the "insured" and the claimant, but the "company" will not be liable for any "loss" that is not payable under the terms of this policy or that is in excess of the applicable limit of insurance.

## 12. Other Insurance

**a.** Coverage **A** of this insurance is excess over any valid and collectible other insurance that is available to the "insured" for "loss" covered under Coverage **A** of this policy, whether such other insurance is primary, excess, contingent or on any other basis.

**b.** Under Coverage **A**, the "company" will have no duty to defend the "insured" against any "claim" if any provider of other insurance has a duty to defend the "insured" against that "claim". But the "company" will have the right to associate in the defense and control of any "claim" that the "company" reasonably believes is likely to involve the insurance provided by Coverage **A** of this policy. If no provider of other insurance defends any "claim" for "loss" to which the insurance provided by Coverage **A** applies, the "company" will undertake to do so, but the "company" will be entitled to the "insured's" rights against all those providers of other insurance.

**c.** The "company" will pay under Coverage **A** only the "company's" share of the amount of the loss, if any, that exceeds the sum of:

**(1)** The total amount that all such other insurance would pay for the loss in the absence of Coverage **A** of this insurance; and

**(2)** The total of all deductible and self-insured amounts under all such other insurance.

**d.** If valid and collectible other insurance is available to the "insured" for a loss covered under Coverage **B** of this policy, the "company's" obligations are limited as described in Paragraphs **e.**, **f.**, **g.** and **h.** below.

**e.** Coverage **B** of this insurance is primary except when Paragraph **f.** below applies. When Coverage **B** of this insurance is primary:

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

(1) If any other insurance is issued to any "named insured" by the "company", or any of its affiliated insurance companies, Coverage **B** of this insurance is primary to such other insurance, and the "company" will not share with that other insurance; and

(2) If any other insurance not described in Paragraph **(1)** above is also primary, the "company" will share with all that other insurance as follows:

(a) If all of the other insurance permits contribution by equal shares, the "company" will follow this method also. Under this approach each provider of insurance contributes equal amounts until it has paid its applicable limit of insurance or none of the "loss" remains, whichever comes first.

(b) If any of the other insurance does not permit contribution by equal shares, the "company" will contribute by limits. Under this method, the share of each provider of insurance is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all providers of insurance.

f. Coverage **B** of this insurance is excess over any valid and collectible other insurance, whether such other insurance is primary, excess, or contingent or on any other basis:

(1) That only covers one or more projects specifically described in it. This paragraph does not apply to any other insurance that is available to any person or organization that is an "insured" under Paragraph **d.** of the definition of "insured";

(2) That is available to the "insured" when the "insured":

(a) Is added as an additional insured by attachment of an endorsement under the other insurance; or

(b) Is any other insured that is not a named insured under the other insurance; or

(3) That is available to any person or organization that is an "insured" under Paragraph **d.** of the definition of "insured". However, if the "named insured" specifically agrees in a written contract or agreement that the insurance provided to such person or organization must apply on a primary basis, or a primary and non-contributory basis, Coverage **B** of this insurance is primary to other insurance that is available to such person or organization which covers that person or organization as a named insured, and the "company" will not share with that other insurance. Coverage **B** of this insurance still is excess over any valid and collectible other insurance, whether such other insurance is primary, excess, contingent or on any other basis, that is available to such person or organization which covers that person or organization as:

(a) An additional insured by attachment of an endorsement under the other insurance; or

(b) Any other insured that is not a named insured under the other insurance.

g. When Coverage **B** of this insurance is excess, the "company" will have no duty to defend the "insured" against any "claim" if any provider of other insurance has a duty to defend the "insured" against that "claim". But the "company" will have the right to associate in the defense and control of any "claim" that the "company" reasonably believes is likely to involve the insurance provided by Coverage **B** of this policy. If no provider of other insurance defends any "claim" for "loss" to which the insurance provided by Coverage **B** of this policy applies, the "company" will undertake to do so, but the "company" will be entitled to the "insured's" rights against all those providers of other insurance.

h. When Coverage **B** of this insurance is excess, the "company" will pay under Coverage **B** only the "company's" share of the amount of the loss, if any, that exceeds the sum of:

(1) The total amount that all such other insurance would pay for the loss in the absence of Coverage **B** of this insurance; and

(2) The total of all deductible and self-insured amounts under all such other insurance.

i. As used anywhere in this policy, other insurance means insurance, or the funding of losses, that is provided by, through or on behalf of:

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

(1) Another insurance company;

(2) The "company" or any of its affiliated insurance companies;

(3) Any risk retention group;

(4) Any self-insurance method or program, including any failure to buy insurance, or decision to not buy insurance, for any reason, in which case the "insured" will be deemed to be the provider of other insurance; or

(5) Any similar risk transfer or risk management method.

Other insurance does not include umbrella insurance, or excess insurance, that any "named insured" bought specifically to apply in excess of the Limits of Insurance shown in the Declarations.

## 13. Premiums

**a.** The "First Named Insured":

(1) Is responsible for the payment of all premiums; and

(2) Will be the payee for any return premiums the "company" pays.

**b.** The premium shown in the Declarations may be an advance premium. If it is an advance premium, this policy will contain an endorsement that shows when and how the "company" will compute the earned premium.

If the earned premium is greater than the advance premium, the "company" will send a bill to the "First Named Insured". The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the earned premium is less than the advance premium, the "company" will return the excess to the "First Named Insured". However, if the earned premium is less than any minimum premium the "company" charged, the premium for this policy will never be less than such minimum premium.

**c.** If the premium is an advance premium, the "First Named Insured" must keep records of the information the "company" needs for premium computation and must send the "company" copies of those records at such times as the "company" may request.

## 14. Prohibited Coverage – Trade Or Economic Sanctions.

The "company" will provide coverage for any "loss", or otherwise will provide

any benefit, only to the extent that providing such coverage or benefit does not expose the "company" or any of the "company's" affiliated or parent companies to:

**a.** Any trade or economic sanction under any law or regulation of the United States of America; or

**b.** Any other applicable trade or economic sanction, prohibition or restriction.

## 15. Prohibited Coverage – Unlicensed Insurance

**a.** With respect to "loss" sustained by any "insured" located in a country or jurisdiction in which the "company" is not licensed to provide this insurance, this insurance does not apply to the extent that insuring such "loss" would violate the laws or regulations of such country or jurisdiction.

**b.** The "company" does not assume responsibility for:

(1) The payment of any fine, fee, penalty or other charge that may be imposed on any person or organization in any country or jurisdiction because the "company" is not licensed to provide insurance in such country or jurisdiction; or

(2) The furnishing of certificates or other evidence of insurance in any country or jurisdiction in which the "company" is not licensed to provide insurance.

## 16. Representations

By accepting this policy, the "named insured" agrees that:

**a.** All statements in the Declarations are accurate and complete;

**b.** All such statements are based upon representations made by the "First Named Insured";

**c.** All statements and representations made in the application for this policy, including all information provided with the application for this policy, are accurate and complete; and

**d.** The "company" has issued this policy in reliance upon all such statements and representations.

## 17. Separation Of Insureds

Except with respect to the limits of insurance, and any rights or duties specifically assigned in this policy to the "First Named Insured", this insurance

RP 05 00 02 16             © 2016 The Travelers Indemnity Company. All rights reserved.             Page 23 of 34

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

applies:

**a.** As if each "named insured" were the only "named insured"; and

**b.** Separately to each "insured" against whom a "claim" is made.

## 18. Transfer Of Control Of Defense

If the available limits of insurance are used up, the "company" will notify the "First Named Insured" in writing of all outstanding "claims" so that the "named insured" can arrange to take control of the defense. Before the available limits of insurance are used up, the "named insured" may take over control of the defense of any outstanding "claim" only if the "company" agrees that the "named insured" may take over such defense.

The "company" will take whatever steps are necessary during a transfer of control of defense of an outstanding "claim" to continue that defense and avoid a default judgment during such transfer. The "named insured" agrees to repay the reasonable expenses incurred by the "company" for such steps taken after the available limit of insurance is used up. When the "company" takes such steps, the "named insured" agrees that the "company" does not give up any rights.

## 19. Transfer Or Assignment Of This Policy

This policy may not be transferred or assigned, except with the written consent of the "company", or in the case of death of a "named insured" that is an individual.

If such "named insured" dies, that "named insured's" rights and duties will be transferred to his or her legal representative but only while acting within the scope of duties as such legal representative. Until such legal representative is appointed, anyone having proper temporary custody of such "named insured's" property will have that "named insured's" rights and duties but only with respect to that property.

## 20. Transfer Of Rights Of Recovery Against Others To The Company

If the "insured" has rights to recover from others all or part of any payment the "company" has made under this policy in connection with a "claim", those rights are transferred to the "company". The "insured" must do nothing after the loss to impair them. At the "company's" request, the "insured" will bring suit or initiate an alternative dispute resolution proceeding to enforce those rights, or will help the "company" enforce them.

The "company" will apply any amounts recovered in enforcing those rights of recovery in the following order until the total amount recovered is used up:

**a.** The "company" will reimburse any person or organization, including the "company" or the "insured", any amount that person or organization has paid in excess of the limits of insurance.

**b.** The "company" will retain an amount equal to the amount the "company" has paid under this policy in connection with the "claim".

**c.** The "company" will pay to the "insured" any remaining portion, including any amounts within any applicable deductible or self-insured retention.

If any amounts are recovered in enforcing those rights of recovery, reasonable expenses incurred in enforcing such rights will be shared among all persons or organizations receiving amounts recovered. Each such person's or organization's share of those expenses is based on the ratio of its amount recovered to the total amounts recovered by all such persons or organizations in enforcing such rights.

If the "insured" has agreed in a contract or agreement to waive that "insured's" right of recovery against any person or organization, the "company" waives the "company's" right of recovery against such person or organization, but only for payments the "company" makes for "loss":

**a.** Caused by an act, error or omission committed subsequent to the execution of the contract or agreement; or

**b.** Because of "bodily injury", "property damage" or "environmental damage" resulting from "pollution conditions" that commence subsequent to the execution of the contract or agreement.

## SECTION VI — DEFINITIONS

1. "Agreed mediation":

**a.** Means a voluntary and non-binding process that:

   **(1)** Is agreed to by the "company"; and

   **(2)** Involves a qualified professional mediator facilitating an attempted settlement of the "claim" between the "insured" and the person or organization making the "claim".

 © 2016 The Travelers Indemnity Company. All rights reserved. **RP 05 00 02 16**

b. Does not include any mediation or alternative dispute resolution that is:

(1) Ordered or imposed by a court; or

(2) Otherwise legally required.

2. "Auto" means:

a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

b. Any other land vehicle that is subject to a compulsory or financial responsibility law, or other motor vehicle insurance law, where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

3. "Bodily injury":

a. Means any harm, including sickness or disease, to the health of a person and including death resulting therefrom.

b. Includes mental anguish, injury or illness, or emotional distress.

4. "Building information modeling services" means the creation, maintenance, use or modification of, or input into, any digital model or digital representation that is part of a computer assisted design or drafting system or program.

5. "Claim" means:

a. For the purposes of Coverage **A**, a written demand alleging liability on the part of the "insured" for "loss" caused by an act, error or omission.

b. For the purposes of Coverage **B**, a written demand, notice, or assertion of a legal right, including a civil, or governmental administrative or regulatory proceeding, alleging liability on the part of the "insured" for "bodily injury", "property damage" or "pollution clean-up costs".

6. "Company" means the insurance company stated in the Declarations.

7. "Company's first coverage inception date" means the date stated in Item 4. of the Declarations, which is the beginning date from which the "company", or any of its affiliated insurance companies first provided to any "named insured" coverage under any Contractors Pollution Liability policy that requires the "bodily injury", "property damage" and "environmental damage" to occur during its policy period. If no "company's first coverage inception date" is stated in the Declarations, the

"company's first coverage inception date" will be deemed to be the first day of the "policy period".

8. "Contractors Pollution Liability Coverage" means:

a. Any of the following:

(1) Contractors Pollution Liability Coverage;

(2) Contractors Pollution Liability Coverage - Claims-Made; or

(3) Contractors Pollution Liability Protection - Claims-Made; or

b. Contractors Pollution Liability insurance that is part of any policy that provides Contractors Professional Liability coverage and Contractors Pollution Liability coverage.

9. "Contractors Professional Liability Coverage" means:

a. Any of the following:

(1) Contractors Professional Liability And Indemnity Coverage - Claims-Made; or

(2) Contractors Professional Liability Protection - Claims Made; or

b. Contractors Professional Liability insurance that is part of any policy that provides Contractors Professional Liability coverage and Contractors Pollution Liability coverage.

10. "Coverage territory" means anywhere in the world.

11. "Covered operations" means operations performed for others by or on behalf of the "named insured" that are specifically listed in Item 5. of the Declarations.

12. "Deductible recovery expenses" means all fees, costs and expenses incurred by the "company" and its attorneys to recover a deductible amount in a legal proceeding brought by the "company" against the "named insured". But if the deductible amount awarded to the "company" is less than the full amount of the deductible payment the "company" sought, "deductible recovery expenses" will be a proportional amount based on the ratio of the deductible amount awarded to the full amount of the deductible payment the "company" sought.

13. "Defense expenses":

a. Means any of the following which can be directly allocated to a particular "claim" or "emergency response costs" loss:

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**(1)** Fees, costs and expenses of attorneys or other authorized representatives where permitted, for legal services, whether by outside or staff representatives;

**(2)** Fees, costs and expenses of court or alternative dispute resolution proceedings and other specific items of expense, whether incurred by an outside vendor or by one of the "company's" employees, including:

**(a)** Expert testimony;

**(b)** Autopsy;

**(c)** Witnesses and summonses;

**(d)** Copies of documents such as birth and death certificates and medical treatment records;

**(e)** Surveillance or other professional investigations which are conducted as part of handling of a "claim" or "emergency response costs" loss; and

**(f)** Loss prevention and engineering services which are conducted as part of handling of a "claim" or "emergency response costs" loss;

**(3)** The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. The "company" will not be the principal under these bonds and does not have to furnish these bonds;

**(4)** All reasonable expenses incurred at the "company's" request by the "insured" who is an individual to assist the "company" in the investigation or defense of the "claim" or "emergency response costs" loss, including actual loss of earnings of up to $500 a day by that individual because of time taken off from work; or

**(5)** All costs taxed against the "insured" in the civil, or governmental administrative or regulatory proceeding, for that part of the judgment or order the "company" pays.

**b.** Does not include:

**(1)** The "company's" expenses, including salaries, overhead and traveling expenses of the "company's" employees, except for those fees, costs or expenses described in Paragraphs **a.(1)** or

**a.(2)** above incurred while handling a "claim" or "emergency response costs" loss;

**(2)** Fees paid to independent claims professionals (hired to perform the function of claim investigation normally performed by claim adjusters), for developing and investigating a "claim" so that a determination can be made of the cause or extent of, or responsibility for, "loss", including evaluation and settlement of "claims" to which this insurance applies;

**(3)** Any prejudgment interest awarded against the "insured"; or

**(4)** Any interest on a judgment that accrues after entry of the judgment.

**14.** "Emergency response costs" means reasonable and necessary expenses incurred by or on behalf of any "named insured" for actions taken within the first 72 hours after any "insured's" discovery of the "pollution conditions" to abate, remove or remediate "pollution conditions" in response to an imminent and substantial threat of "bodily injury" or an imminent and substantial threat to the environment.

**15.** "Employee":

**a.** Includes:

**(1)** A former or retired employee; and

**(2)** A "leased worker".

**b.** Does not include a "temporary worker".

**16.** "Environmental damage":

**a.** Means the harmful or damaging presence of "pollutants" that results in "pollution clean-up costs".

**b.** Does not include "property damage".

**17.** "Environmental laws" means any federal, state, provincial, tribal or local law, regulation or statute, or any governmental, judicial or administrative order or directive, governing liabilities or responsibilities of the "insured" with respect to "pollution conditions".

**18.** "Executive officer" means any person holding an officer position created by the charter, constitution, by-laws or any other similar governing document of a corporation or of any organization other than a partnership, joint venture or limited liability company.

 © 2016 The Travelers Indemnity Company. All rights reserved. **RP 05 00 02 16**

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**19.** "First Named Insured" means the first person or organization stated in Item 1. of the Declarations.

**20.** "Financial interest" means the insurable interest in a "foreign insured organization" because of:

**a.** Sole ownership of, or majority ownership interest in, such "foreign insured organization", either directly or through one or more intervening subsidiaries;

**b.** Indemnification of, or an obligation to indemnify;

(1) Such "foreign insured organization" for a "foreign Coverage A loss", "foreign Coverage B pollution legal liability loss" or "foreign Coverage B emergency response costs loss"; or

(2) Any other "insured" for whom such "foreign insured organization" is liable for a "foreign Coverage A loss" or a "foreign Coverage B pollution legal liability loss"; or

**c.** An obligation to obtain insurance for such "foreign insured organization".

**21.** "Foreign Coverage A "loss" means:

**a.** "Loss" the "insured" is legally obligated to pay caused by an act, error, or omission to which Coverage A of this insurance would have applied;

**b.** "Defense expenses" that the "company" would have paid to defend the insured against any "claim" for "loss" that the "company" would have defended under - Coverage **A**; or

**c.** Payments described in Paragraph **4.**, Supplementary Payments - Coverage **A**, that the "company" would have made with respect to any "claim" against an "insured" that the "company" would have settled or defended;

but for the fact that such "insured" is located in any country or jurisdiction in which the "company" is not licensed to provide this insurance and where providing this insurance would violate the laws or regulations of such country or jurisdiction.

**22.** "Foreign Coverage B emergency response costs loss" means "loss" that is "emergency response costs" incurred by or on behalf of any "named insured" and to which Emergency Response Costs For Pollution in Coverage **B** of this insurance would have applied but for the fact that

such "named insured" is located in any country or jurisdiction in which the "company" is not licensed to provide this insurance and where providing this insurance would violate the laws or regulations of such country or jurisdiction.

**23.** "Foreign Coverage B pollution legal liability loss" means:

**a.** "Loss" the "insured" is legally obligated to pay:

(1) Because of "bodily injury" or "property damage"; or

(2) That is "pollution clean-up costs";

to which Pollution Legal Liability in Coverage **B** of this insurance would have applied; or

**b.** "Defense expenses" described in Paragraph **3.**, Defense - Coverage **B**, with respect to any "claim" against an "insured" that the "company" would have defended under Pollution Legal Liability in Coverage **B**; or

but for the fact that such "insured" is located in any country or jurisdiction in which the "company" is not licensed to provide this insurance and where providing this insurance would violate the laws or regulations of such country or jurisdiction.

**24.** "Foreign insured organization" means any organization that:

**a.** Is an "insured" under Coverage A, an "insured" under Pollution Legal Liability in Coverage **B** or a "named insured" under Emergency Response Costs For Pollution in Coverage B; and

**b.** Is located in a country or jurisdiction in which the "company" is not licensed to provide this insurance and where providing this insurance would violate the laws or regulations of such country or jurisdiction.

**25.** "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

**26.** "Insured" means:

**a.** Any "named insured";

**b.** The "named insured's" legal representative if the "named insured" dies or if the "named insured" is declared mentally incompetent, but only with respect to duties as such. That representative will have all rights and duties of such "named insured"

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

under this policy;

c. Only for the purposes of:

   (1) Coverage **A**, and only with respect to the conduct of the "named insured's" contractor business; and

   (2) Coverage **B**, and only with respect to the conduct of "covered operations" for the "named insured's" business;

   the following persons or organizations:

   (1) The "named insured's" spouse, if such "named insured" is designated in the Declarations as an individual, but only with respect to a business of which:

      (a) Such "named insured" is the sole owner; or

      (b) Such "named insured" and spouse are the sole owners;

   (2) The "named insured's" partners, members and their spouses, if such "named insured" is designated in the Declarations as a partnership or joint venture;

   (3) The "named insured's" former or retired partners who are individuals and whom such "named insured" hires or retains as independent contractors in a contract or agreement with that former or retired partner, if such "named insured" is designated in the Declarations as a partnership, but only for their performance of duties under such contract or agreement;

   (4) The "named insured's" members, if such "named insured" is designated in the Declarations as a limited liability company;

   (5) The "named insured's" former or retired members who are individuals and whom such "named insured" hires or retains as independent contractors in a contract or agreement with that former or retired member, if such "named insured" is designated in the Declarations as a limited liability company but only for their performance of duties under such contract or agreement;

   (6) The "named insured's" managers, if such "named insured" is designated in the Declarations as a limited liability company, but only with respect to their duties as such "named insured's" managers;

   (7) The "named insured's" "executive officers" and directors, if such "named insured" is designated in the Declarations as an organization other than a partnership, joint venture, limited liability company, but only with respect to their duties as such "named insured's" "executive officers" or directors;

   (8) The "named insured's" stockholders, if such "named insured" is designated in the Declarations as an organization other than a partnership, joint venture, limited liability company, but only with respect to their liability as such "named insured's" stockholders; and

   (9) Each of the following:

      (a) The "named insured's" "employees", other than either the "named insured's" managers (if it is a limited liability company) or the "named insured's" "executive officers" (if it is an organization other than a partnership, joint venture or limited liability company), but only for acts within the scope of their employment by such "named insured" or for their performance of duties related to the conduct of such "named insured's" business; and

      (b) The "named insured's" former or retired "employees" that such "named insured" hires or retains as independent contractors in a contract or agreement with that former or retired "employee" but only for the performance of duties under such contract or agreement.

   However, none of these "employees" are "insureds" for:

      (a) "Loss" because of "bodily injury":

         (i) To any "named insured", to any "named insured's" partners or members (if it is a partnership or joint venture), to any "named insured's" members (if it is a limited liability company), or to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of the "named insured's" business;

© 2016 The Travelers Indemnity Company. All rights reserved.
RP 05 00 02 16

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

(ii) To the spouse, child, parent, brother or sister of that co-"employee" as a consequence of "bodily injury", or as a consequence of the employment or performance of duties of that "employee", described in Paragraph (a)(i) above; or

(iii) For which there is any obligation to share "loss" with or repay someone else who must pay "loss" because of the injury described in Paragraphs (a)(i) or (ii) above; or

(b) "Property damage" to, or "pollution clean-up costs" for, property:

(i) Owned, occupied or used by; or

(ii) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by;

any "named insured" or any of its "employees", any "named insured's" partners or members (if it is a partnership or joint venture), or any "named insured's" members (if it is a limited liability company). For the purposes of Coverage A, this exclusion does not apply to "property damage" to any premises, site or location that is temporarily rented or occupied by, or temporarily loaned to, the "named insured" exclusively for any job site where operations are being performed by or on behalf of the "named insured" that are part of the "named insured's" contractor business". For the purposes of Pollution Legal Liability in Coverage B, this exclusion does not apply to "property damage" to, or "pollution clean-up costs" for, any premises, site or location that is temporarily rented or occupied by, or temporarily loaned to, the "named insured" exclusively for any job site where "covered operations" are being performed; and

d. Only for the purposes of Coverage B, any person or organization that enters into a written contract with the "named insured" in which such "named insured" agrees to:

(1) Perform work for that person or organization, or rent or lease from that person or organization equipment owned or leased by that person or organization; and

(2) Include that person or organization as an insured under this insurance.

However, such person or organization is an "insured" only for "bodily injury", "property damage" or "pollution clean-up costs" arising out of:

(1) "Covered operations" performed for such person or organization; or

(2) Such "named insured's" operation, maintenance or use of such equipment while such "named insured" rents or leases it for "covered operations" of such "named insured";

and only to the extent that the "bodily injury", "property damage" or "environmental damage" results from, "pollution conditions" caused by acts or omissions of the "named insured" or any of the "named insured's" subcontractors.

No such person or organization is an "insured" for "bodily injury", "property damage" or "environmental damage" arising out of:

(1) "Pollution conditions" that commenced before the written contract was signed by the "named insured"; or

(2) "Pollution conditions", or any incident, condition or other circumstance which could become "pollution conditions", that was known, or reasonably should have been known, by such person or organization or by any of that organization's employees, and that was not previously disclosed to a "responsible person" before the written contract was signed by the "named insured".

The limits of insurance provided to such person or organization will be the minimum limits which the "named insured" agreed to provide in the written contract, or the limits shown in the Declarations, whichever are less.

27. "Insured contract" means that part of any contract or agreement pertaining to "covered operations" under which the "named insured" assumes the "tort liability" of another to pay "loss" because of "bodily injury" or "property damage" sustained by others or "loss"

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

that is "pollution clean-up costs" incurred by others.

28. "Leased worker":

a. Means a person hired from a labor leasing firm under an agreement between the hirer and that firm to perform duties related to the conduct of the hirer's business.

b. Does not include a "temporary worker".

29. "Loading or unloading" means the handling of property:

a. After it is moved from the place where it is accepted for movement into or onto an "auto", aircraft, watercraft or wheeled vehicle designed for travel on railroad tracks;

b. While it is in or on an "auto", aircraft, watercraft or wheeled vehicle designed for travel on railroad tracks; or

c. While it is being moved from an "auto", aircraft, watercraft or wheeled vehicle designed for travel on railroad tracks to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the "auto", aircraft, watercraft or wheeled vehicle designed for travel on railroad tracks.

30. "Loss " means:

a. For the purposes of Coverage **A**:

(1) Compensatory damages; and

(2) Punitive or exemplary damages, if such damages are insurable under the law that applies,

b. For the purposes of Pollution Legal Liability under Coverage **B**:

(1) Compensatory damages;

(2) Punitive or exemplary damages, if such damages are insurable under the law that applies,

(3) "Pollution clean-up costs";

(4) Prejudgment interest awarded against the "insured" on that part of the judgment which the "company" pays, which exceeds the applicable deductible and which is within the applicable limit of insurance. If the "company" makes an offer to pay the applicable limit of insurance, "loss" does not include any

prejudgment interest based on that period of time after the offer;

(5) All interest on the full amount of any judgment that accrues after entry of the judgment and before the "company" has paid, offered to pay or deposited in court the part of the judgment that is within the applicable limit of insurance. If the "company" does not pay part of the judgment for any reason other than it is more than the applicable limit of insurance, "loss" does not include any interest that accrues on that portion of the judgment; and

(6) The cost of any required appeal bond for any judgment that the "company" appeals, but only for bond amounts for that part of the judgment that is for "loss" to which Pollution Legal Liability coverage under Coverage **B** of this insurance applies and which is within the applicable limit of insurance. The "company" will pay, or reimburse the "insured" for, the cost of a higher appeal bond amount if the "company" is required to do so under the law that applies. The "company" will not be the principal under any appeal bond and does not have to furnish any appeal bond.

"Loss" because of "bodily injury" includes reasonable and necessary expenses incurred to perform medical monitoring for physical harm, including sickness or disease, to the health of a person.

c. For the purposes of Emergency Response Costs For Pollution in Coverage **B**, "emergency response costs".

31. "Low-level radioactive waste" means low level radioactive waste as defined in Title 10 Code of Federal Regulations as of the first day of the "policy period".

32. "Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:

a. Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;

b. Vehicles maintained for use solely on or next to premises any "named insured" owns or rents;

c. Vehicles that travel on crawler treads;

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

d. Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:

  (1) Power cranes, shovels, loaders, diggers or drills; or

  (2) Road construction or resurfacing equipment such as graders, scrapers or rollers;

e. Vehicles not described in Paragraph **a.**, **b.**, **c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:

  (1) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or

  (2) Cherry pickers and similar devices used to raise or lower workers; or

f. Vehicles not described in Paragraph **a.**, **b.**, **c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo.

  However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":

  (1) Equipment designed primarily for:

    (a) Snow removal;

    (b) Road maintenance, but not construction or resurfacing; or

    (c) Street cleaning;

  (2) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

  (3) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

  However, "mobile equipment" does not include any land vehicle that is subject to a compulsory or financial responsibility law, or other motor vehicle insurance law, where it is licensed or principally garaged. Such land vehicles are considered "autos".

33. "Named insured" means any person or organization stated in Item 1. of the Declarations.

34. "Named insured's contractor professional services":

  a. Means any of the following services:

    (1) Architect, engineer or surveyor professional services.

    (2) Construction management services if the "named insured" has specifically agreed in a written contract to perform in the capacity of a construction manager.

    (3) Any other services described in an endorsement which replaces or adds to this definition, if any such endorsement is part of this policy.

  b. Includes "building information modeling services" in connection with any of the services described in Paragraph **a.** above.

35. "Named insured's product":

  a. Means:

    (1) Any goods or products, other than real property, manufactured, sold, handled, distributed by:

      (a) Any "named insured";

      (b) Others trading under any "named insured's" name; or

      (c) A person or organization whose business or assets any "named insured" has acquired; and

    (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

  b. Includes:

    (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of any "named insured's product"; and

    (2) The providing of, or failure to provide, warnings or instructions.

  c. Does not include vending machines or other property rented to or located for the use of others but not sold.

36. "Named insured's work":

  a. Means:

    (1) Work or operations performed by or on behalf of any "named insured"; and

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**(2)** Materials, parts or equipment furnished in connection with such work or operations.

**b.** Includes:

**(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of any "named insured's work"; and

**(2)** The providing of, or failure to provide, warnings or instructions.

**37.** "Natural resources" means land, fish, wildlife, biota, air, surface or ground water, drinking water supplies and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States of America, any state or local government, any foreign government, any Indian tribe or, if such resources are subject to a trust restriction on alienation, any member of an Indian tribe.

**38.** "Non-owned disposal site" means a premises, site or location that:

**a.** Is not, and was not at any time, owned or operated by any "insured";

**b.** Is located outside the boundaries of a job site where "covered operations" are being performed; and

**c.** Is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste.

**39.** "Owned disposal site" means a premises, site or location that:

**a.** Is, or was at any time, owned or operated by any "insured";

**b.** Is located outside the boundaries of a job site where "covered operations" are being performed; and

**c.** Is or was at any time used by or for any "insured" or others for the handling, storage, disposal, processing or treatment of waste.

**40.** "Policy period" means the Policy Period shown in Item **2.** of the Declarations. However, if this policy is canceled, the "policy period" ends on the effective date of the cancellation. If any applicable coverage is added by endorsement issued by the "company" as part of this policy, "policy period" for that coverage means the period in which such endorsement is in effect. If any coverage of this policy or any coverage added by endorsement is cancelled, the "policy period" for that coverage ends on the effective date of

the cancellation.

**41.** "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

**42.** "Pollution clean-up costs":

**a.** Means:

**(1)** Reasonable and necessary expenses incurred for "pollution conditions" to test for, monitor, clean up, remove, contain, treat, dispose of, detoxify or neutralize, or assess the effects of, "pollutants" to the extent required by "environmental laws" governing the "pollution conditions"; and

**(2)** Reasonable and necessary expenses required to restore, repair or replace real or personal property of others to substantially the same condition as it was immediately before the "pollution conditions", if such property is damaged by or on behalf of the "insured" during the course of responding to "pollution conditions" by performing operations described in Paragraph **(1)** above.

**b.** Does not include any expenses incurred to perform medical monitoring for any "bodily injury".

**43.** "Pollution conditions" means the discharge, dispersal, seepage, migration, release or escape of "pollutants", provided that no part of such discharge, dispersal, seepage, migration, release or escape is expected or intended from the standpoint of the "insured".

**44.** "Professional services" includes:

**a.** Preparing, approving, or failing to prepare or approve:

**(1)** Maps, shop drawings, opinions, reports, surveys, field orders or change orders; or

**(2)** Drawings and specifications;

**b.** Any architectural, engineering or surveying activity;

**c.** Construction management services; and

**d.** Supervisory or inspection activities performed as part of any related architectural, or engineering or surveying activities or related construction management services.

 © 2016 The Travelers Indemnity Company. All rights reserved. RP 05 00 02 16

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**45.** "Property damage":

  **a.** Means:

    **(1)** Physical damage to tangible property of others, including all resulting loss of use of that property and including diminished value of that property; or

    **(2)** Loss of use of tangible property of others that is not physically damaged.

  **b.** Does not include "environmental damage".

  For the purposes of this insurance:

  **a.** "Natural resources" are tangible property; and

  **b.** Electronic data is not tangible property.

  As used in this definition, electronic data means information, facts, or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices, or any other media which are used with electronically controlled equipment.

**46.** "Radioactive or nuclear material" means:

  **a.** Any radioactive material; and

  **b.** Any of the following materials defined in the Atomic Energy Act of 1954 or any of its amendments:

    **(1)** Source material;

    **(2)** Special nuclear material; or

    **(3)** By-product material.

**47.** "Related acts, errors or omissions" means two or more acts, errors or omissions that have as a common connection, tie or link any fact, circumstance, situation, event, transaction, cause or series of related facts, circumstances, situations, events, transactions or causes.

**48.** "Responsible person" means any of the following:

  **a.** The "named insured" or the "named insured's" spouse (if the "named insured" is an individual);

  **b.** Any person while he or she is:

    **(1)** Any "named insured's" partner or member, or his or her spouse, (if such "named insured" is a partnership or joint venture);

    **(2)** Any "named insured's" manager (if such "named insured" is a limited liability company);

    **(3)** Any "named insured's" "executive officer" or director (if such "named insured" is an organization other than a partnership, joint venture or limited liability company); or

    **(4)** Any "employee" of any "named insured" who:

      **(a)** Is or acts as the "named insured's" risk manager, or holds a position in the "named insured's" insurance, risk management or legal department;

      **(b)** Is a manager or supervisor; or

      **(c)** Is responsible for environmental health and safety, or environmental affairs, control or compliance at the "named insured's" job site, but such person is a "responsible person" only for the purposes of Coverage **B**; or

  **c.** Any person while he or she is:

    **(1)** A partner or member of any organization that is a partnership or joint venture;

    **(2)** A manager of any organization that is a limited liability company;

    **(3)** An "executive officer" or director of any organization other than a partnership, joint venture or limited liability company; or

    **(4)** An "employee" of any of such organizations who:

      **(a)** Is or acts as such organization's risk manager, or holds a position in such organization's insurance, risk management or legal department;

      **(b)** Is a manager or supervisor; or

      **(c)** Is responsible for environmental health and safety, or environmental affairs, control or compliance at such organization's job site, but such person is a "responsible person" only for the purposes of Coverage **B**;

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

if such organization is any "named insured's" partner or member (if such "named insured" is a partnership or joint venture) or manager (if such "named insured" is a limited liability company).

49. "Temporary worker" means a person who is furnished to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

50. "Tort liability" means a liability that would be imposed by law in the absence of any contract or agreement.

    © 2016 The Travelers Indemnity Company. All rights reserved.    RP 05 00 02 16

**TABLE OF CONTENTS**

# CONTRACTORS PROFESSIONAL LIABILITY – CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM
# RP 05 00 02 16

Beginning on Page

SECTION I - COVERAGES

Coverage A Contractors Professional Liability .................................................................... 1

Insuring Agreement - Coverage A ................................................................................. 1

Defense - Coverage A ..................................................................................................... 2

Exclusions Applicable To Coverage A ........................................................................... 3

Supplementary Payments - Coverage A ........................................................................ 7

Right To Appeal A Judgment - Coverage A .................................................................. 7

Coverage B Contractors Pollution Liability ........................................................................ 8

Insuring Agreement - Pollution Legal Liability .............................................................. 8

Insuring Agreement - Emergency Response Costs ....................................................... 9

Defense - Coverage B ................................................................................................... 10

Exclusions Applicable To Coverage B ......................................................................... 11

Right To Appeal A Judgment - Coverage B ................................................................ 15

SECTION II - LIMITS OF INSURANCE ............................................................................ 15

SECTION III - DEDUCTIBLES ........................................................................................... 16

SECTION IV - EXTENDED REPORTING PERIODS - COVERAGE A ............................ 17

SECTION V - CONDITIONS .............................................................................................. 18

SECTION VI - DEFINITIONS ............................................................................................. 24

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION – LEAD

This endorsement modifies insurance provided under the following:

    CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY
        COVERAGE FORM - CLAIMS-MADE
    CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS
        POLLUTION LIABILITY COVERAGE FORM

## PROVISIONS

1. The following exclusion is added to Paragraph **3.**, **Exclusions Applicable To Coverage A**, of **SECTION I – COVERAGES – COVERAGE A CONTRACTORS PROFESSIONAL LIABILITY**:

   **Lead**

   (1) "Loss" arising out of the actual or alleged presence, or actual, alleged or threatened dispersal, release, ingestion, inhalation or absorption of lead, lead compounds or lead which is or was contained or incorporated into any material or substance.

   (2) Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, lead, lead compounds or lead which is or was contained or incorporated into any material or substance, by any "insured" or by any other person or organization.

   This includes:

   (1) Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and

   (2) Any obligation to:

      (a) Share such "loss" with or repay someone else who must pay such "loss"; or

      (b) Share such loss, cost or expense with or repay someone else who must pay such loss, cost or expense.

2. The following exclusion is added to Paragraph **4.**, **Exclusions Applicable To Coverage B**, of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY**:

   **Lead**

   (1) "Loss" arising out of the actual or alleged presence, or actual, alleged or threatened dispersal, release, ingestion, inhalation or absorption of lead, lead compounds or lead which is or was contained or incorporated into any material or substance.

   (2) Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, lead, lead compounds or lead which is or was contained or incorporated into any material or substance, by any "insured" or by any other person or organization.

   This includes:

   (1) Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and

   (2) Any obligation to:

      (a) Share such "loss" with or repay someone else who must pay such "loss"; or

      (b) Share such loss, cost or expense with or repay someone else who must pay such loss, cost or expense.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION – EXTERIOR INSULATION AND FINISH SYSTEM

This endorsement modifies insurance provided under the following:

> CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM – CLAIMS-MADE
>
> CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

## PROVISIONS

1. The following exclusion is added to Paragraph **3.**, **Exclusions Applicable To Coverage A**, of **SECTION I – COVERAGES – COVERAGE A CONTRACTORS PROFESSIONAL LIABILITY**:

   ### Exterior Insulation And Finish System

   "Loss" arising out of any "named insured's product" or any "named insured's work" that is, or that is on, that is in, or that is part of:

   (1) Any "exterior insulation and finish system" (commonly referred to as synthetic stucco or EIFS) or any substantially similar system, including the application or use of conditioners, primers, accessories, flashing, coatings, caulking or sealants in connection with such a system; or

   (2) Any component, fixture, or any other feature of, or on, the exterior of any building or other structure if any "exterior insulation and finish system", or any substantially similar system, including the application or use of conditioners, primers, accessories, flashing, coatings, caulking or sealants in connection with such a system, is on, in, or part of such building or other structure.

2. The following is added to **SECTION VI – DEFINITIONS**:

   "Exterior insulation and finish system" means an exterior cladding or finish system used on any part of any structure and consisting of:

   (1) A rigid or semi rigid insulation board made of expanded polystyrene or other materials;

   (2) The adhesive or mechanical fasteners used to attach the insulation board to the substrate;

   (3) A reinforced base coat; and

   (4) A finish coat providing surface texture and color.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

POLICY NUMBER: ZCE-81M96110-18-SK                    ISSUE DATE: 04/09/18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# CANCELLATION MINIMUM EARNED PREMIUM ENDORSEMENT

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

### SCHEDULE OF MINIMUM EARNED PREMIUM

| Minimum Earned Premium | $12,421.00 |
|---|---|

**PROVISIONS**

The following replaces Paragraph **e.** of Paragraph **2.**, **Cancellation**, of **SECTION V – CONDITIONS**:

**e.** If all or part of this policy is cancelled, the "company" will send the "First Named Insured" any premium refund due. The "company" will be entitled to retain at least the Minimum Earned Premium shown in the Schedule Of Minimum Earned Premium. If the "company" cancels all or part of this policy, any premium refund due will be pro rata. If the "First Named Insured" cancels all or part of this policy, any premium refund due may be less than pro rata. Any premium refund due will be made by the "company" as soon as practicable. However, the cancellation will be effective even if the "company" has not made or offered the refund.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

POLICY NUMBER: ZCE-81M96110-18-SK                 ISSUE DATE: 04/09/18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITED AUTO TRANSPORTATION COVERAGE FOR CONTRACTORS POLLUTION LIABILITY

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

## SCHEDULE – LIMITED AUTO TRANSPORTATION COVERAGE

Retroactive Date For Limited Auto Transportation Coverage:       04/01/2003

Auto Transportation Aggregate Limit:                             $5,000,000

**PROVISIONS**

**1.** The following is added to Exclusion **b., Auto, Aircraft, Watercraft Or Rolling Stock,** in Paragraph **4.** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY:**

Paragraph **(1)** of this exclusion also does not apply to "auto transportation loss".

**2.** Only for the purposes of "auto transportation loss", the following replaces Paragraphs **1.b.(1)** and **2.b.(1)** in **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY:**

**(1)** The "pollution conditions" result from any activity that is:

**(a)** Part of "covered operations"; and

**(b)** Performed by or on behalf of any "named insured" on or after the "applicable Retroactive Date For Limited Auto Transportation Coverage";

**3.** Only for the purposes of "auto transportation loss", the following replaces Exclusion **p., Previously Known Conditions,** in Paragraph **4.** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY:**

**p. Previously Known Conditions**

"Loss" arising out of:

**(1)** "Pollution conditions"; or

**(2)** Any "pollution conditions" in a series of continuous, repeated or related "pollution conditions";

if any of the "pollution conditions" in Paragraph **(1)** or **(2)** above commenced, and were known, or reasonably should have been known, by a "responsible person", before the beginning date from which the "company", or any of its affiliated insurance companies, has continuously provided any "Contractors Pollution Liability Coverage" with an auto transportation coverage endorsement to any "named insured". If there was no such coverage provided by such insurer immediately prior to this policy, that beginning date is the effective date of the Limited Auto Transportation Coverage For Contractors Pollution Liability endorsement that is part of this policy.

**4.** The following is added to **SECTION II – LIMITS OF INSURANCE:**

Subject to Paragraph **2.** of this section, the Auto Transportation Aggregate Limit shown in the Schedule - Limited Auto Transportation Coverage is the most the "company" will pay for the sum of all:

**a.** "Loss" and "defense expenses" under Pollution Legal Liability in Coverage **B**; and

**b.** "Loss" that is "emergency response costs", and "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

for the combined total of all "claims" for "loss" and all "emergency response costs" arising out of all "auto transportation pollution conditions".

The Auto Transportation Aggregate Limit is further subject to the Aggregate Limit For Emergency Response Costs for "loss" that is "emergency response costs", and "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**.

If no amount is shown for the Auto Transportation Aggregate Limit in the Schedule - Limited Auto Transportation Coverage, the Auto Transportation Aggregate Limit will be $200,000.

**5.** The following is added to Paragraph **5.** of **SECTION II – LIMITS OF INSURANCE**:

The Each Pollution Condition Limit is further subject to the Auto Transportation Aggregate Limit shown in the Schedule - Limited Auto Transportation Coverage for:

**(1)** "Loss" and "defense expenses" under Pollution Legal Liability in Coverage **B**; and

**(2)** "Loss" that is "emergency response costs", and "defense expenses", under Emergency Response Costs For Pollution in Coverage **B**;

arising out of any "auto transportation pollution conditions" or continuous, repeated or related "auto transportation pollution conditions".

**6.** The following is added to Paragraph **f.** of Paragraph **12., Other Insurance**, in **SECTION V – CONDITIONS**:

Coverage **B** of this insurance also is excess over any other valid and collectible other insurance, whether such other insurance is primary, excess, or contingent or on any other basis, if the loss is not subject to the Auto, Aircraft, Watercraft Or Rolling Stock exclusion in Coverage **B** of this policy because of the Limited Auto Transportation Coverage For Contractors Pollution Liability endorsement.

**7.** The following is added to Paragraph **f.(3)** of Paragraph **12., Other Insurance**, in **SECTION V – CONDITIONS**:

Also, Coverage **B** of this insurance still is excess over any valid and collectible other insurance, whether such other insurance is primary, excess, contingent or on any other basis, that is available to such person or organization which covers that person or organization for "loss" that is not subject to the Auto, Aircraft, Watercraft Or Rolling Stock exclusion in Coverage **B** of this policy because of the Limited Auto Transportation Coverage For Contractors Pollution Liability endorsement.

**8.** The following is added to **SECTION VI – DEFINITIONS**:

"Applicable Retroactive Date For Limited Auto Transportation Coverage" means the later of the following dates:

**a.** The Retroactive Date For Limited Auto Transportation Coverage stated in the Schedule - Limited Auto Transportation Coverage. If no Retroactive Date For Limited Auto Transportation Coverage is stated in the Schedule - Limited Auto Transportation Coverage, that retroactive date will be deemed to be the first day of the "policy period"; or

**b.** Any other retroactive date that applies to the "loss" if any other endorsement that is issued by the "company" as part of this policy adds a retroactive date for the part of Coverage **B** that applies to the "loss".

"Auto transportation loss" means "loss":

**a.** Because of "bodily injury" or "property damage" resulting from;

**b.** That is "pollution clean-up costs" for "environmental damage" resulting from; or

**c.** That is "emergency response costs" incurred for;

"auto transportation pollution conditions".

"Auto transportation pollution conditions" means any "pollution conditions" that:

**a.** Arise out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any "insured" that is being used to transport the "pollutants", or any property in which the "pollutants" are contained, to or from a job site where "covered operations" are being performed; and

**b.** Commence during such transportation or during the "loading or unloading" of such "auto".

 © 2016 The Travelers Indemnity Company. All rights reserved.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

POLICY NUMBER: ZCE-81M96110-18-SK                          ISSUE DATE: 04/09/18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITED SILICA COVERAGE FOR CONTRACTORS POLLUTION LEGAL LIABILITY AND
# EXCLUSION – SILICA OR SILICA–RELATED DUST – CONTRACTORS PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE

CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

## SCHEDULE – LIMITED SILICA COVERAGE

Retroactive Date For Pollution Legal Liability Limited Silica Coverage:     04/01/2018

Silica Aggregate Limit For Pollution Legal Liability:                                 $5,000,000

**PROVISIONS**

1. The following exclusion is added to Paragraph **3., Exclusions Applicable To Coverage A,** of **SECTION I – COVERAGES – COVERAGE A CONTRACTORS PROFESSIONAL LIABILITY**:

   **Silica Or Silica–Related Dust**

   (1) "Loss" arising out of the actual, alleged or threatened discharge, dispersal, emission, release, escape, handling, contact with, exposure to or inhalation or respiration of "silica" or "silica-related dust".

   (2) Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "silica" or "silica-related dust", by any "insured" or by any other person or organization.

   This includes:

   (1) Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and

   (2) Any obligation to:

      (a) Share such "loss" with or repay someone else who must pay such "loss"; or

      (b) Share such loss, cost or expense with or repay someone else who must pay such loss, cost or expense.

2. The following exclusion is added to Paragraph **4., Exclusions Applicable To Coverage B,** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY**:

   **Silica Or Silica–Related Dust**

   (1) "Loss" arising out of the actual, alleged or threatened dispersal, emission, release, handling, contact with, exposure to or inhalation or respiration of "silica" or "silica-related dust".

   (2) Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to or assessing the effects of, "silica" or "silica-related dust", by any "insured" or by any other person or organization.

   This includes:

   (1) Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with the above; and

   (2) Any obligation to:

      (a) Share such "loss" with or repay someone else who must pay such "loss"; or

      (b) Share such loss, cost or expense with or repay someone else who must pay such loss, cost or expense.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

This exclusion does not apply to Pollution Legal Liability in Coverage **B** if the "loss" is "silica loss".

3. Only for the purposes of "silica loss", the following replaces Paragraph **1.b.(1)** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY**:

   (1) The "pollution conditions" result from any activity that is:

   (a) Part of "covered operations"; and

   (b) Performed by or on behalf of any "named insured" on or after the "applicable Retroactive Date For Pollution Legal Liability Limited Silica Coverage";

4. Only for the purposes of "silica loss", the following replaces Exclusion **p.**, **Previously Known Conditions**, in Paragraph **4.** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY**:

   **p.  Previously Known Conditions**

   "Loss" arising out of:

   (1) "Pollution conditions"; or

   (2) Any "pollution conditions" in a series of continuous, repeated or related "pollution conditions";

   if any of the "pollution conditions" in Paragraph **(1)** or **(2)** above commenced, and were known, or reasonably should have been known, by a "responsible person", before the beginning date from which the "company", or any of its affiliated insurance companies, has continuously provided any "Contractors Pollution Liability Coverage" with a limited silica coverage endorsement to any "named insured". If there was no such coverage provided by such insurer immediately prior to this policy, that beginning date is the effective date of the Limited Silica Coverage For Contractors Pollution Legal Liability And Exclusion - Silica Or Silica-Related Dust - Contractors Professional Liability endorsement that is part of this policy.

5. The following is added to **SECTION II – LIMITS OF INSURANCE**:

   Subject to Paragraph **2.** of this section, the Silica Aggregate Limit For Pollution Legal Liability shown in the Schedule - Limited Silica Coverage is the most the "company" will pay for the sum of all "loss" and "defense expenses" under Pollution Legal Liability in Coverage **B** for the combined total of all "claims" for "loss" arising out of all "silica pollution conditions".

If no amount is shown for the Silica Aggregate Limit For Pollution Legal Liability in the Schedule - Limited Silica Coverage, the Silica Aggregate Limit For Pollution Legal Liability will be $200,000.

6. The following is added to Paragraph **5.** of **SECTION II – LIMITS OF INSURANCE**:

   The Each Pollution Condition Limit is further subject to the Silica Aggregate Limit For Pollution Legal Liability shown in the Schedule - Limited Silica Coverage for "loss" and "defense expenses" under Pollution Legal Liability in Coverage **B** arising out of any "silica pollution conditions" or continuous, repeated or related "silica pollution conditions".

7. The following is added to **SECTION VI – DEFINITIONS**:

   "Applicable Retroactive Date For Pollution Legal Liability Limited Silica Coverage" means the later of the following dates:

   **a.** The Retroactive Date For Pollution Legal Liability Limited Silica Coverage stated in the Schedule - Limited Silica Coverage. If no Retroactive Date For Pollution Legal Liability Limited Silica Coverage is stated in the Schedule - Limited Silica Coverage, that retroactive date will be deemed to be the first day of the "policy period"; or

   **b.** Any other retroactive date that applies to the "loss" if any other endorsement that is issued by the "company" as part of this policy adds a retroactive date for the part of Coverage **B** that applies to the "loss".

   "Silica" means silicon dioxide (occurring in crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds.

   "Silica loss" means "loss"

   **a.** Because of "bodily injury" or "property damage" resulting from; or

   **b.** That is "pollution clean-up costs" for "environmental damage" resulting from, or if this policy does not have a definition of environmental damage, that is "pollution clean-up costs" incurred for;

   "silica pollution conditions".

   "Silica pollution conditions" means any "pollution conditions" that are the discharge, dispersal, seepage, migration, release or escape of "silica" or "silica-related dust".

© 2017 The Travelers Indemnity Company. All rights reserved.
RP 03 36 03 17

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

However, "silica pollution conditions" does not include any "pollution conditions" that are the discharge, dispersal, seepage, migration, release or escape of "silica-related dust" if the other dust or particles in such mixture or combination are excluded by any exclusion in this policy other than the Silica Or Silica-Related Dust exclusion.

"Silica-related dust" means a mixture or combination of "silica" and other dust or particles.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

POLICY NUMBER: ZCE-81M96110-18-SK

ISSUE DATE: 04/09/18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITED FUNGI OR BACTERIA COVERAGE FOR CONTRACTORS POLLUTION LEGAL LIABILITY

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM - CLAIMS-MADE

CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

## SCHEDULE – LIMITED FUNGI OR BACTERIA COVERAGE

Retroactive Date For Pollution Legal Liability
Limited Fungi Or Bacteria Coverage:                        04/01/2009

Fungi Or Bacteria Aggregate Limit For Pollution Legal Liability:        $5,000,000

## PROVISIONS

1. The following is added to Exclusion **f., Damage To Any Named Insured's Work,** in Paragraph **4.** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY:**

   This exclusion does not apply if:

   **(1)** The damaged work or the work out of which the "property damage" arises was performed on the "named insured's" behalf by a subcontractor; and

   **(2)** The "property damage" is caused by any "fungi or bacteria conditions" or continuous, repeated or related "fungi or bacteria conditions".

2. The following is added to Exclusion **k., Fungi Or Bacteria,** in Paragraph **4.** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY:**

   This exclusion does not apply to Pollution Legal Liability in Coverage B if the "loss" is "fungi or bacteria loss".

3. Only for the purposes of "fungi or bacteria loss", the following replaces Paragraph **1.b.(1)** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY:**

   **(1)** The "pollution conditions" result from any activity that is:

   **(a)** Part of "covered operations"; and

   **(b)** Performed by or on behalf of any "named insured" on or after the "applicable Retroactive Date For Pollution Legal Liability Limited Fungi Or Bacteria Coverage";

4. Only for the purposes of "fungi or bacteria loss", the following replaces Exclusion **p., Previously Known Conditions,** in Paragraph **4.** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY:**

   **p. Previously Known Conditions**

   "Loss" arising out of:

   **(1)** "Pollution conditions"; or

   **(2)** Any "pollution conditions" in a series of continuous, repeated or related "pollution conditions";

   if any of the "pollution conditions" in Paragraph **(1)** or **(2)** above commenced, and were known, or reasonably should have been known, by a "responsible person", before the beginning date from which the "company", or any of its affiliated insurance companies, has continuously provided any "Contractors Pollution Liability Coverage" with a limited fungi or bacteria coverage endorsement to any "named insured". If there was no such coverage provided by such insurer immediately prior to this policy, that beginning date is the effective date of the Limited Fungi Or Bacteria Coverage For Contractors Pollution Legal Liability endorsement that is part of this policy.

5. The following is added to **SECTION II – LIMITS OF INSURANCE:**

   Subject to Paragraph **2.** of this section, the Fungi Or Bacteria Aggregate Limit For Pollution Legal Liability shown in the Schedule - Limited Fungi Or Bacteria Coverage is the most the "company" will pay for the sum of all "loss" and "defense expenses" under Pollution Legal

 © 2016 The Travelers Indemnity Company. All rights reserved.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

Liability in Coverage **B** for the combined total of all "claims" for "loss" arising out of all "fungi or bacteria conditions".

If no amount is shown for the Fungi Or Bacteria Aggregate Limit For Pollution Legal Liability in the Schedule - Limited Fungi Or Bacteria Coverage, the Fungi Or Bacteria Aggregate Limit For Pollution Legal Liability will be $200,000.

**6.** The following is added to Paragraph **5.** of **SECTION II – LIMITS OF INSURANCE:**

The Each Pollution Condition Limit is further subject to the Fungi Or Bacteria Aggregate Limit For Pollution Legal Liability shown in the Schedule - Limited Fungi Or Bacteria Coverage for "loss" and "defense expenses" under Pollution Legal Liability in Coverage **B** arising out of any "fungi or bacteria conditions" or continuous, repeated or related "fungi or bacteria conditions".

**7.** The following replaces Paragraph **a.(1)** of the definition of "pollution clean-up costs" in **SECTION VI – DEFINITIONS:**

**(1)** Reasonable and necessary expenses incurred for "pollution conditions" to test for, monitor, clean up, remove, contain, treat, dispose of, detoxify or neutralize, or assess the effects of, "pollutants", "fungi" or bacteria to the extent required by "environmental laws" governing the "pollution conditions"; and

**8.** The following is added to the definition of "pollution conditions" in **SECTION VI – DEFINITIONS:**

"Pollution conditions" also means the discharge, dispersal, seepage, migration, release or escape of "fungi" or bacteria.

The growth or reproduction of "fungi" or bacteria at a premises, site or location beyond amounts and concentrations naturally present at that premises, site or location will be deemed to be a discharge, dispersal, seepage, migration, release or escape of "fungi" or bacteria.

**9.** The following is added to **SECTION VI – DEFINITIONS:**

"Applicable Retroactive Date For Pollution Legal Liability Limited Fungi Or Bacteria Coverage" means the later of the following dates:

**a.** The Retroactive Date For Pollution Legal Liability Limited Fungi Or Bacteria Coverage stated in the Schedule - Limited Fungi Or Bacteria Coverage. If no Retroactive Date For Pollution Legal Liability Limited Fungi Or Bacteria Coverage is stated in the Schedule - Limited Fungi Or Bacteria Coverage, that retroactive date will be deemed to be the first day of the "policy period"; or

**b.** Any other retroactive date that applies to the "loss" if any other endorsement that is issued by the "company" as part of this policy adds a retroactive date for the part of Coverage **B** that applies to the "loss".

"Fungi or bacteria conditions" means any "pollution conditions" that are the discharge, dispersal, seepage, migration, release or escape of "fungi" or bacteria.

"Fungi or bacteria loss" means "loss":

**a.** Because of "bodily injury" or "property damage" resulting from; or

**b.** That is "pollution clean-up costs" for "environmental damage" resulting from, or if this policy does not have a definition of environmental damage, that is "pollution clean-up costs" incurred for;

"fungi or bacteria conditions".

     © 2016 The Travelers Indemnity Company. All rights reserved.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

POLICY NUMBER: ZCE-81M96110-18-SK                          ISSUE DATE: 04/09/18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AMENDMENT – DEFINITION OF COVERED OPERATIONS TO NOT INCLUDE DESIGNATED OPERATIONS

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY AND CONTRACTORS POLLUTION LIABILITY
COVERAGE FORM - CLAIMS-MADE
CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS
POLLUTION LIABILITY COVERAGE FORM

### SCHEDULE OF DESIGNATED OPERATIONS NOT INCLUDED

INSTALLATION, SERVICE, OR REPAIR OF EXTERIOR INSULATION FINISHING SYSTEMS –
EIFS

**PROVISIONS**

The following replaces the definition of "covered operations" in **SECTION VI – DEFINITIONS**:

"Covered operations":

a. Means operations performed for others by or on behalf of the "named insured" that are specifically listed in Item **5.** of the Declarations.

b. Does not include any operations described in the Schedule Of Designated Operations Not Included.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

POLICY NUMBER: ZCE–81M96110–18–SK                    ISSUE DATE: 04/09/18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# AMENDMENT OF INSURING AGREEMENT – ADDITION OF RETROACTIVE DATE FOR CONTRACTORS POLLUTION LEGAL LIABILITY

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

**SCHEDULE – RETROACTIVE DATE FOR POLLUTION LEGAL LIABILITY COVERAGE**

**Retroactive Date For Pollution Legal Liability Coverage:**                    04/01/2003

**PROVISIONS**

**1.** The following replaces Paragraph **1.b.(1)** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY**:

   **(1)** The "pollution conditions" result from any activity that is:

   **(a)** Part of "covered operations"; and

   **(b)** Performed by or on behalf of any "named insured" on or after the "applicable Retroactive Date For Pollution Legal Liability Coverage";

**2.** The following is added to **SECTION VI – DEFINITIONS**:

   "Applicable Retroactive Date For Pollution Legal Liability Coverage" means the later of the following dates:

**a.** The Retroactive Date For Pollution Legal Liability Coverage stated in the Schedule - Retroactive Date For Pollution Legal Liability Coverage. If no Retroactive Date For Pollution Legal Liability Coverage is stated in the Schedule - Retroactive Date For Pollution Legal Liability Coverage, that retroactive date will be deemed to be the first day of the "policy period"; or

**b.** Any other retroactive date that applies to the "loss" if any other endorsement that is issued by the "company" as part of this policy adds a retroactive date for the part of Coverage **B** that applies to the "loss".

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

POLICY NUMBER: ZCE-81M96110-18-SK                                    ISSUE DATE: 04/09/18

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITED NON-OWNED DISPOSAL SITE COVERAGE FOR CONTRACTORS POLLUTION LEGAL LIABILITY - CLAIMS-MADE

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

### SCHEDULE - LIMITED NON-OWNED DISPOSAL SITE COVERAGE

| | |
|---|---|
| Non-Owned Disposal Site Retroactive Date: | 04/01/2017 |
| All Covered Non-Owned Disposal Sites Aggregate Limit For Pollution Legal Liability: | $5,000,000 |

**PROVISIONS**

1. The following is added to Exclusion **o.**, **Owned And Non-Owned Disposal Sites**, in Paragraph **4.** of **SECTION I - COVERAGES - COVERAGE B CONTRACTORS POLLUTION LIABILITY**:

   This exclusion does not apply to Coverage **B** if the "loss" is "limited non-owned disposal site loss".

2. Only for the purposes of "limited non-owned disposal site loss", the following replaces Paragraphs **1.b.**, **c.** and **d.** of **SECTION I - COVERAGES - COVERAGE B - CONTRACTORS POLLUTION LIABILITY**:

   **b.** This insurance applies to "loss" only if:

   **(1)** The "pollution conditions" result from any activity that is:

   **(a)** Part of "covered operations"; and

   **(b)** Performed by or on behalf of any "named insured" on or after the "applicable Non-Owned Disposal Site Retroactive Date";

   **(2)** Such "pollution conditions" commence before the end of the "policy period";

   **(3)** Such "pollution conditions" commence in the "coverage territory"; and

   **(4)** A "claim" for such "loss" is:

   **(a)** First made against any "insured", as further described in Paragraph **c.** below, during the "policy period"; and

   **(b)** First reported to the "company" in writing, as further described, if that

   paragraph applies, in Paragraph **d.** below:

   **(i)** During the "policy period"; or

   **(ii)** Within 60 days after the end of the "policy period", unless a defense is provided for the "insured" for such "claim" under any future insurance purchased by any "named insured", or would be provided for the "insured" under such future insurance but for the exhaustion of the applicable limit of insurance of that future insurance.

   **c.** A "claim" for "loss" because of "bodily injury" or "property damage" resulting from, or "loss" that is "pollution clean-up costs" incurred for, "pollution conditions" will be deemed to have been first made against any "insured" when any "insured" first receives written notice of such "claim". All "claims" for "loss" because of "bodily injury" or "property damage" resulting from, or "loss" that is "pollution clean-up costs" incurred for, the same "pollution conditions" or continuous, repeated or related "pollution conditions" will be deemed to have been first made against any "insured" when any "insured" first receives written notice of the first of such "claims".

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**d.** All "claims" for "loss" because of "bodily injury" or "property damage" resulting from, or "loss" that is "pollution clean-up costs" incurred for, the same "pollution conditions" or continuous, repeated or related "pollution conditions" will be deemed to have been first reported to the "company" in writing when the first of such "claims" is first reported to the "company", or any of its affiliated insurance companies, in writing.

**3.** Only for the purposes of "limited non-owned disposal site loss", the following is added to Paragraph **1.** of **SECTION 1 – COVERAGES – COVERAGE B – CONTRACTORS POLLUTION LIABILITY:**

**f.** All continuous, repeated or related "pollution conditions" will be deemed to have commenced on the date the first of such "pollution conditions" commences.

**4.** Only for the purposes of "limited non-owned disposal site loss", the following replaces Exclusion **p., Previously Known Conditions,** in Paragraph **4.** of **SECTION I – COVERAGES – COVERAGE B CONTRACTORS POLLUTION LIABILITY:**

**p. Previously Known Conditions**

"Loss" arising out of:

**(1)** "Pollution conditions"; or

**(2)** Any "pollution conditions" in a series of continuous, repeated or related "pollution conditions";

if any of the "pollution conditions" in Paragraph **(1)** or **(2)** above commenced, and were known, or reasonably should have been known, by a "responsible person", before the beginning date from which the "company", or any of its affiliated insurance companies, has continuously provided any "Contractors Pollution Liability Coverage" to any "named insured" for the "covered non-owned disposal site" where such "pollution conditions" commenced. If there was no such coverage provided by such insurer immediately prior to this policy, that beginning date is the effective date of the Limited Non-Owned Disposal Site Coverage For Contractors Pollution Legal Liability - Claims-Made endorsement that includes such coverage and is part of this policy.

**5.** The following is added to **SECTION II – LIMITS OF INSURANCE:**

Subject to Paragraph **2.** of this section, the All Covered Non-Owned Disposal Sites Aggregate Limit For Pollution Legal Liability shown in the Schedule - Limited Non-Owned Disposal Site Coverage is the most the "company" will pay for the sum of all "loss" and "defense expenses" under Pollution Legal Liability in Coverage **B** for the combined total of all "claims" for "loss" arising out of all "non-owned disposal site pollution conditions" on, at, under or migrating from all "covered non-owned disposal sites".

If no amount is shown for the All Covered Non-Owned Disposal Sites Aggregate Limit For Pollution Legal Liability in the Schedule - Limited Non-Owned Disposal Site Coverage, the All Covered Non-Owned Disposal Sites Aggregate Limit For Pollution Legal Liability will be $200,000.

**6.** The following is added to Paragraph **5.** of **SECTION II – LIMITS OF INSURANCE:**

The Each Pollution Condition Limit is further subject to the All Covered Non-Owned Disposal Sites Aggregate Limit For Pollution Legal Liability shown in the Schedule - Limited Non-Owned Disposal Site Coverage for "loss" and "defense expenses" under Pollution Legal Liability in Coverage **B** arising out of any "non-owned disposal site pollution conditions" or continuous, repeated or related "non-owned disposal site pollution conditions".

**7.** The following is added to the definition of "coverage territory" in **SECTION VI – DEFINITIONS:**

However, for the purposes of "limited non-owned disposal site loss", "coverage territory" means only the United States of America (including its territories and possessions), Puerto Rico and Canada.

**8.** The following is added to **SECTION VI – DEFINITIONS:**

"Applicable Non-Owned Disposal Site Retroactive Date" means the later of the following dates:

**a.** The Non-Owned Disposal Site Retroactive Date stated in the Schedule - Limited Non-Owned Disposal Site Coverage. If no Non-Owned Disposal Site Retroactive Date is stated in the Schedule - Limited Non-Owned Disposal Site Coverage, that retroactive date will be deemed to be the first day of the "policy period"; or

    © 2016 The Travelers Indemnity Company. All rights reserved.    RP 05 22 02 16

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

**b.** Any other retroactive date that applies to the "loss" if any other endorsement that is issued by the "company" as part of this policy adds a retroactive date for the part of Coverage **B** that applies to the "loss".

"Covered non-owned disposal site" means any "non-owned disposal site" that:

**a.** Is located in the United States of America (including its territories and possessions), Puerto Rico or Canada;

**b.** At the time such site received the "named insured's" waste that is involved in the "non-owned disposal site pollution conditions":

(1) Was properly authorized, by being granted a license or permit, to accept and dispose of that type of waste;

(2) Was in compliance with all applicable federal, state, provincial, tribal or local laws, regulations or statutes, or governmental, judicial or administrative orders or directives;

(3) Was not bankrupt, insolvent, or owned or operated by any bankrupt or insolvent person or organization; and

(4) No activity was ongoing to abate, remove or remediate any discharge, dispersal, seepage, migration, release or escape of "pollutants" on, at, under or migrating from such site;

**c.** Neither at the time such site received the "named insured's" waste that is involved in the "non-owned disposal site pollution conditions", nor within five years before that time, was subject to any Federal Information request made to any person or organization under Section 104(e) of the Comprehensive Environmental Response, Compensation and Liability Act or any of its amendments or Section 3007(a) of the Resource Conservation and Recovery Act or any of its amendments, or any equivalent request under any state, provincial, tribal or local law, regulation or statute; and

**d.** Neither at the time such site received the "named insured's" waste that is involved in the "non-owned disposal site pollution conditions", nor at any time before such waste was received, was a "Superfund or other government-identified contaminated site".

"Limited non-owned disposal site loss" means "loss":

**a.** Because of "bodily injury" or "property damage" resulting from; or

**b.** That is "pollution clean-up costs" for "environmental damage" resulting from;

"non-owned disposal site pollution conditions".

"Non-owned disposal site pollution conditions" means "pollution conditions" on, at, under or migrating from any "covered non-owned disposal site", provided that the "pollution conditions" are the discharge, dispersal, seepage, migration, release or escape of the "named insured's" waste that:

**a.** Has been transported to such site by or on behalf of the "named insured"; and

**b.** Originated from a job site while "covered operations" are being performed by the "named insured" at such job site.

"Superfund or other government-identified contaminated site" means any premises, site, or location that:

**a.** Has been placed on, or proposed for, the National Priorities List, any Superfund list or any equivalent state, tribal or local list, for or in the United States of America, including its territories and possessions and Puerto Rico; or

**b.** Has been placed in, or proposed for, the National Contaminated Site Remediation Program, any similar program or any equivalent provincial, tribal or local program, for or in Canada, including its territories and possessions.

CONTRACTORS PROFESSIONAL AND POLLUTION LIABILITY

POLICY NUMBER:  ZCE-81M96110-18-SK                    ISSUE DATE: 04/09/18

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# ADDITIONAL INSURED – DESIGNATED PERSONS OR ORGANIZATIONS FOR CONTRACTORS POLLUTION LEGAL LIABILITY

This endorsement modifies insurance provided under the following:

CONTRACTORS PROFESSIONAL LIABILITY - CLAIMS-MADE AND CONTRACTORS POLLUTION LIABILITY COVERAGE FORM

### SCHEDULE OF DESIGNATED PERSONS OR ORGANIZATIONS FOR CONTRACTORS POLLUTION LEGAL LIABILITY

**Persons or Organizations:**

B TO Z, INC. AND CEDCO PROPERTIES, LLC

## PROVISIONS

The following is added to the definition of "insured" in **SECTION VI – DEFINITIONS**:

Only for the purposes of Coverage **B**, "insured" also means any person or organization shown in the Schedule Of Designated Persons Or Organizations For Contractors Pollution Legal Liability.

However, such person or organization is an "insured" only for "bodily injury", "property damage" or "pollution clean-up costs" arising out of "covered operations" performed by or on behalf of any "named insured" and only to the extent that the "bodily injury", "property damage" or "environmental damage" results from "pollution conditions" caused by acts or omissions of such "named insured" or any of such "named insured's" subcontractors.

Also, if the "named insured" agreed in a written contract to include such person or organization as an additional insured under this insurance:

(1) No such person or organization is an "insured" for "bodily injury", "property damage", or "environmental damage" arising out of:

(a) "Pollution conditions" that commenced before that written contract was signed by the "named insured"; or

(b) "Pollution conditions", or any incident, condition or other circumstance which could become "pollution conditions", that was known, or reasonably should have been known, by such person or organization or by any of that organization's employees, and that was not previously disclosed to a "responsible person" before the written contract was signed by the "named insured"; and

(2) The limits of insurance provided to such person or organization will be the minimum limits which the "named insured" agreed to provide in that written contract, or the limits shown in the Declarations, whichever are less.

**RP 05 25 03 17**          © 2017 The Travelers Indemnity Company. All rights reserved.          Page 1 of 1